(No. 25637.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDREW BIELLA, Plaintiff in Error.

*Opinion filed June 14, 1940.*

THADDEUS C. TOUDOR, and IRVING L. LANSING, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Andrew Biella was found guilty by a jury in the criminal court of Cook county of the crime of manslaughter and was sentenced to the penitentiary. Motions for new trial and in arrest of judgment were overruled, and he has sued out this writ of error. He urges that his conviction was against the weight of the evidence; that the venue was not proved; that proper evidence was excluded, and that the jury was improperly instructed.

Michael Tyrka died on September 10, 1939. An autopsy, performed by a physician for the coroner of Cook county, showed that deceased was a well-nourished white man about forty-nine years old, weighing one hundred and forty pounds. There were several cuts about his head and a hemorrhage below the right eye; the skin on his face, shoulder, arm and hand on the left side was discolored; ribs were fractured on the left side of the chest from the fourth to the seventh anterial lateral, and from the fifth to the twelfth in the back. There were 200 ccs. of blood in the right pleural cavity and less than two ounces in the left pleural cavity. This witness was of the opinion Tyrka had died as a result of the numerous fractured ribs. Defendant had a fight with Tyrka on September 5, 1939, and Tyrka was taken to the hospital two hours later. Defend-

ant is the only witness as to the fight. The defendant, who was fifty-two years old, was born in Poland and required the services of an interpreter upon his trial. He testified that he lived in a flat above Tyrka and had had trouble with him before the fight, and that Tyrka had made threats against his life. On the day in question Tyrka was drunk and quarrelsome. When defendant went to call the police, Tyrka attacked him in a hallway with an axe. Defendant was unarmed, but he wrested the axe from Tyrka and threw it to one side. Tyrka then grabbed a broom and threatened to kill defendant with it. Defendant struggled with him, took the broom away from him and struck him with it several times. He went upstairs and left Tyrka lying on the floor in the hallway. Defendant testified he kept hitting Tyrka, because he feared that Tyrka would fulfill his threats and kill him. The court sustained general objections to questions and refused to permit defendant to testify as to how he thought Tyrka was going to kill him, or as to, "How could Mr. Tyrka have killed you at that time?" The court should have permitted the defendant to answer these questions. In criminal cases where the intention, the motive or belief of the accused is material to the issue, he is allowed to testify directly to the fact. (*People* v. *Spranger,* 314 Ill. 602, 609; *People* v. *Scott,* 284 id. 465.) The circumstances under which the act in question was done usually serve to manifest to a great degree the intent of the actor and may overcome his declaration as to his intention, but he has the right to testify to his intention and to have the circumstances surrounding the act considered in connection with his testimony.

The defendant also introduced the testimony of witnesses who testified that the deceased's reputation as a peaceable and law-abiding citizen was bad. Other witnesses testified that his reputation was good. There was testimony that Tyrka was often intoxicated and on one occasion he called the mother of one of the witnesses certain

vile and repulsive names. He also threatened to whip the wife of the defendant shortly before the fight in question, and insulted her with obscene epithets. We have set out enough of the evidence to show that there is a reasonable basis for a claim of self-defense. It was essential that the record be free from prejudicial error. The error in the exclusion of the defendant's testimony as to his intention in striking the deceased and certain errors in the instructions require that a new trial be ordered. The venue was not proved. There was nothing to show that the fight took place in Cook county. All that appears is that the coroner's physician of that county conducted the *post-mortem* and that a Chicago policeman arrested the defendant. This was not enough. *People* v. *Gregor,* 359 Ill. 402; *People* v. *Strook,* 347 id. 460; *People* v. *O'Gara,* 271 id. 138.

The defendant complains of the giving of People's fourth instruction which defined manslaughter in terms of the statute. He says the instruction ignored the plea of self-defense. Similar instructions were condemned for that reason in *People* v. *Bradley,* 324 Ill. 294, *People* v. *Jarvis,* 306 id. 611, and *People* v. *Davis,* 300 id. 226. An instruction defining manslaughter in the language of the statute is calculated to mislead the jury where the defendant claims that the killing was in self-defense. In such a case the defendant, if the appearances are such as to induce in the mind of a reasonable person the belief that he was about to lose his life or receive great bodily harm, may intentionally and premeditatedly use a deadly weapon in self-defense and intend to kill his opponent without being guilty of either murder or manslaughter. The instruction should have called attention to the element of self-defense.

The People's seventh given instruction attempts to define self-defense. Defendant complains that the term "justifiable self-defense," which was used three times in the instruction, should not have been used. He relies on *People* v. *Triolo,* 332 Ill. 410, where the use of the term "necessary

self-defense" was criticized, but the error did not require reversal, since other instructions fully defined the circumstances under which the defense was available. In defining self-defense in an instruction it is neither necessary nor proper to use adjectives such as "necessary" or "justifiable." If it is self-defense it is justifiable and either necessary or apparently necessary to the defendant. Defendant insists that the statement in the instruction that, "In this case the defendant admits striking the deceased but claims that when he hit the deceased he was acting in justifiable self-defense," is wrong, because it assumes controverted facts—*i.e.,* that defendant was the assailant, that the injury was inflicted thereby, and that the injury was mortal. One of the controverted questions in the case was whether the injuries received by the deceased in his fight with defendant were the cause of his death, and the instruction tends to assume they were. Nowhere in the record does it appear what serious injuries, if any, were found upon the person of Tyrka, when he was brought to the county hospital five days before he died. The record is silent as to the result of any medical examination upon his admission to the hospital and the only indication as to his physical condition after the fight with the defendant is the testimony that he went back to his room, locked the door and opened it two hours later without assistance to admit a friend. Where the facts are controverted and the evidence is conflicting it is error to assume such controverted facts to be true. (*People v. Harvey,* 286 Ill. 593.) This instruction should not have been given.

Defendant complains of the giving of an instruction defining circumstantial evidence, because there was no basis in the evidence for such an instruction. We cannot agree with this contention or with his contention that there was error in giving the sixth instruction as to the consideration to be given the testimony of a witness who may have sworn falsely to any material "matter in this case."

Defendant's complaint as to the fifth given instruction, which involved testimony as to good reputation, is justified. The last clause reads: "And if the jury are convinced beyond all reasonable doubt from all the evidence of the guilt of the defendant, the fact that the defendant has previously borne such good reputation is not sufficient to justify an acquittal." The phrase "convinced beyond all reasonable doubt from all of the evidence of the guilt of the defendant," does eliminate from the consideration of the jury all of the evidence tending to show the innocence of the defendant. The instruction was erroneous and should not have been given. Other errors in giving and refusing instructions are argued, but need not be considered.

For the reasons stated, the judgment of the criminal court of Cook county is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*