**People of the State of Illinois, Plaintiff-Appellee, v. Gustav Allgauer, Defendant-Appellant.**

**Gen. No. 53,190.**

First District, First Division.
September 15, 1969.

Sklodowski, McLennon, McLennon and Nelson, of Park Ridge (Robert L. Sklodowski, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and L. Michael Getty, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant, Gustav Allgauer, appeals from a judgment of guilty of driving a motor vehicle while under the influence of intoxicating liquor. The evidence for the prosecution consisted of the testimony of one Anthony J. Filosa who testified that he was driving for one to one and a half miles about ten to fifteen car lengths behind the defendant, who was weaving from one lane to another, making it impossible for Filosa to pass him. Another witness, Victor W. Hansen, also testified that he too was driving behind the defendant, who was weaving back and forth for some distance. Both of these witnesses further testified that at the intersection of Touhy and Wolf Road in Des Plaines, the defendant ran his vehicle into a light standard and as a result became unconscious and was bleeding. The defendant's automobile was demolished. A police officer who arrived at the scene testified that the defendant was slouched behind the steering wheel and was in an unconscious state. The defendant, after receiving first aid at a hospital, was then driven to a police station where he refused certain of the so-called visual tests. The police officer also testified that the defendant's speech was slurred, his trousers torn, his lip bleeding, he walked unsure, needed support and that in the officer's opinion, the defendant was under the influence of intoxicating liquor.

█

Donald Hofstetter, an employee in defendant's restaurant, testified that the defendant left his place of business after 10:00 p. m., appeared tired, had a few drinks during the course of the day and in his opinion was not intoxicated or under the influence of any intoxicating beverages when leaving the premises.

Defendant contends that the State must prove that he drove an automobile at the time and place in question and that the defendant was then and there under the influence of intoxicating liquor. Section 144a of Chapter 95½ of the Ill Rev Stats (1965), provides:

> "It is unlawful . . . for any person . . . who is under the influence of intoxicating liquor . . . to drive any vehicle within this State."

█ There was evidence that the defendant was driving a motor vehicle until he struck the light standard and that he was under the influence of intoxicating liquor. There was evidence that his speech was slurred, his attitude indifferent, he needed support and was wobbly and unsure. In People v. Garnier, 20 Ill App2d 492, 156 NE2d 613 (1959) the court stated:

> "Generally, circumstantial evidence which produces a reasonable and moral certainty that the accused committed the crime is sufficient to justify a conviction. . . . The test as set out in the Falkenberg case (5 Ill App2d 578, 126 NE2d 408) is 'whether the whole evidence proves that crime was committed and the defendant committed it.' We think the uncontradicted evidence here satisfies the test and justifies the court's decision. In our opinion defendant was proved guilty beyond a reasonable doubt and this rule is the same 'whether they [the crimes] be felonies or be misdemeanors.' "

 Defendant also maintains that under the decision in People v. Miller, 23 Ill App2d 352, 163 NE2d 206 (1959), the finding in the instant case must be reversed for the reason that the testimony of Hofstetter was uncontradicted. Our reading of the record and the briefs shows that Hofstetter was contradicted by positive testimony and by circumstantial evidence. Furthermore, the trial judge was better able to determine the credibility of the witnesses and his judgment is not erroneous, there being no abuse of his discretion. We will not substitute our judgment for his.

 Appellant further contends that the trial court erred in denying defendant's motion for continuance for the reason that the doctor who treated the defendant at the hospital was unavailable at the time this matter was set for trial. It is within the trial judge's discretion to determine whether a continuance be granted. In the instant case, the defendant was arrested on May 28, 1967. On June 28, 1967, the date set for hearing, the court continued the matter to July 26, 1967, on defendant's motion. On July 26, 1967, the defendant again moved for continuance and the matter was set for September 20, 1967 at which time defendant demanded a jury trial at 1:30 p. m., when it was continued on the court's own motion to November 15, 1967, at 9:30 a. m. On October 2, 1967, defendant waived trial by jury and this cause was transferred to District 3 for hearing on November 15, 1967 at 9:30. The record is silent as to a motion for continuance on November 15, 1967. It is entirely within the trial court's discretion whether a matter be continued and we find no abuse of discretion and no error on the part of the trial court in hearing this matter on November 15, 1967.

Lastly, defendant claims that the trial court erred in not allowing defendant's post-trial motion for new trial,

in arrest of judgment and for stay of mittimus, and that the court's finding was against the manifest weight of the evidence. His post-trial motion consists of allegations, none of which appear in the record or in the memorandum of the trial judge. Not having the benefit of a court reporter's record of the proceedings, we are handicapped in passing on some of the defendant's allegations contained in his motion for new trial. Considerable time elapsed between July 26, 1967, the first date set for trial and the trial date. Defendant had ample time to determine the availability of the doctor who treated the defendant. His testimony cannot be designated as new evidence.

Defendant contends in his motion for a new trial that he was not fully advised nor did he fully understand the effect of waiving a trial by jury. Actually he waived his right to a jury trial twice. On the day of his trial he again waived his right to a jury trial. He was represented adequately by counsel who apparently acquiesced in his client's waiver of a jury trial.

The court will not substitute its judgment for the judgment of the trial court where the evidence proves defendant's guilt beyond a reasonable doubt. The judgment of the trial court is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.