THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACK DOUGLAS, Defendant-Appellant.

(No. 70-48; )

Fifth District—February 4, 1971.

Morton Zwick, Director, Defender Project, of Chicago, (Matthew J. Moran, of Defender Project, of counsel,) for appellant.

Don P. Koeneman, State's Attorney, of Chester, for the People.

PER CURIAM:

Defendant Jack Douglas appeals from a judgment of conviction entered in a jury trial in the Circuit Court of Randolph County for driving while intoxicated in violation of Ill. Rev. Stat. 1967, Chap. 95½, par. 144, for which he was sentenced to one year at the state farm in Vandalia.

Jack Bievens testified that he was a state trooper on patrol in Sparta, Illinois on August 17, 1969. He noticed defendant's truck parked in front of Mitchell's Tavern. Later, a Gary Brand told Bievens that "a guy in an old pickup Ford truck had thrown beer bottles out and almost hit his car out by the Catholic church and he said the truck is by the Texaco station now. He said he got the license number and I (Bievens) said I know whose truck it is." Bievens followed the truck and stopped it in Coulterville, Illinois. When asked how defendant was driving, he replied, "He wasn't operating it steadily, slow and deliberate movements." As he walked up to defendant in his truck, he started talking to him and asked if he had been drinking. Defendant replied that he had been. Bievens asked if he would take a breathalizer test. Defendant said he would not but he would take a blood test. They drove to a hospital in Sparta and with defendant's consent a blood sample was taken, after which they went to the Sparta Police Station where he issued defendant a ticket for driving under the influence. He then took the defendant to the county jail in Chester. On the night in question the defendant was in Bievens' presence for approximately three hours. During this time he observed defendant's walk to be "very unsure, wobbly." His speech was loud and slurred and he used profane language and threats to persons in his presence. He also had a strong odor of alcohol about him. From these observations Trooper Bievens was of the opinion that defendant was intoxicated. No other tests were given to defendant.

Donald Reeves testified that he was the lab technician who took the blood sample from defendant. He observed that defendant's speech was very slow and somewhat slurred and that he smelled very strongly of intoxicating beverages. From this he was of the opinion that defendant was under the influence.

Keith Martin, an analyst for the Bureau of Identification from the Department of Public Safety, testified that the blood specimen taken from the defendant contained .34% alcohol by weight and that from this

test and from his reading he would say that a person with the amount of alcohol in his blood was in a very high state of intoxication.[1]

Earl Crain testified that he was on duty at the Sparta Police Department on August 17, 1969 and saw the defendant at approximately 7:30 p.m. He talked with him at the police station intermittently for about one and one-half hours. Defendant smelled of alcohol and talked as if he had been drinking and in his opinion defendant was intoxicated.

■■ During defense counsel's closing argument he stated:

"Many people plead guilty and many people feel their rights have been violated so flagrantly so they choose to stand and have a jury make a determination. Mr. Douglas so chose and has been in the county jail sitting two months waiting for today to have a trial."

In response to this argument, the prosecutor stated in his rebuttal:

"Ladies and gentlemen, Mr. Sachtleben made some references to some facts which weren't before this court with regards to Mr. Douglas being in jail and I am not permitted to go into the details why he is in jail and that is none of your concern why he is presently in jail. That wasn't testified to from the stand. Suffice it to say, I can't go into why he is in jail."

Defendant argues that the prosecutor's remarks would imply that defendant was being held in jail on other charges and therefore were highly prejudicial. We believe that the prosecutor's statement was invited by the comments of defense counsel and was therefore within the bounds of proper argument and that in any event in the absence of a proper objection, defendant is deemed to have waived any error which resulted.

■■ At the close of the State's case defendant's attorney made an oral motion for a continuance to the next day on the grounds that defendant had been surprised by the testimony of Trooper Bievens who stated that in his opinion defendant was intoxicated from the way he walked. Defendant wanted to call his mother to testify that defendant had been shot in the hip three times while serving in the armed forces and that he naturally wobbled when he walked. Defense counsel had also expected

---

[1] Ill. Rev. Stat. 1967, Chap. 95½, Sec. 144(c)(3) provides:

"(c) Upon the trial of any action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his breath, blood, urine, saliva or other bodily substance is admissible, as provided hereinafter in this paragraph (c) and the result of any such analysis shall give rise to the following presumptions:

\* \* \*

3. If there was at the time of such analysis 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

that defendant's mother would be present on that day but that he was unable to contact her at that time. Defendant argues that it was already four o'clock in the afternoon when the motion was made, that the witness would be readily available the next morning and could supply relevant testimony and that the court should have granted the continuance pursuant to Ill. Rev. Stat., ch. 38, par. 114-4(f) "in the interest of justice." Defendant admits that the granting of a continuance rests in the discretion of the trial court. The manner of defendant's walk as a basis for witnesses' opinion on whether defendant was intoxicated should clearly have been anticipated by defendant as was noted by the trial court, and it also appears that several continuances had been granted prior to the trial of this case. In addition, the record shows that the witnesses' opinions of defendant's intoxication were based on other substantial factors such as his manner of speech and the smell of intoxicating liquor about him, and in view of the evidence of the blood test that defendant's blood contained .34% alcohol by weight, we do not see how the denial of defendant's motion for continuance could have affected the jury's finding. Therefore, the trial court did not abuse its discretion in denying defendant's motion. *People v. Allgauer,* 114 Ill.App.2d 405.

■■ Defendant next contends that it was error to admit the testimony of Trooper Bievens of defendant's statement to him upon being stopped that he had been drinking, because defendant had not been advised of his constitutional rights as required by *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, S.Ct. 1602, even though no objection was made to this testimony at the trial. (S.C.R. 615.) In view of the other overwhelming evidence in the record of defendant's intoxication, we do not believe that there was a reasonable possibility that this evidence contributed to defendant's conviction. Therefore the admission of this testimony did not constitute plain error which affected the substantial rights of the defendant. *Chapman v. California,* 386 U.S. 17, 17 L.Ed.2d 705, 87 S.Ct. 824. Accordingly, we hold that defendant has waived any error in this testimony by his failure to object to it at the trial.

■■ On cross-examination Trooper Bievens testified as follows as to his initial conversation with defendant:

"A. Yes. I said, how about a breathalizer. He said, no. He said these cigarettes, they will throw that machine off. I said, no, it won't. He said, well, it did once before on me, but he said, well, I will take the blood test."

Defendant contends that this testimony which was given unresponsively constitutes inadmissible evidence of prior arrests, (*People v. Jackson,* 95 Ill.App.2d 193), and also because it constitutes evidence of a refusal to submit to a chemical test in violation of Ill. Rev. Stat., 1967, Chap. 95½,

Sec. 144(h). Again, no objection was made to this testimony, nor did defense counsel move that it be stricken. In any event, defendant consented to taking a blood test and in view of the results that his blood contained .34% alcohol by weight, from which defendant is presumed to be under the influence of alcohol (Ill. Rev. Stat., 1967, ch. 95½, par. 144(c) (3)), we fail to see how this testimony was prejudicial.

Finally, defendant contends that testimony of Trooper Bievens that Gary Brand "told me that a guy in an old pickup Ford truck had thrown beer bottles out and had almost hit his car out by the Catholic church, and he said the truck is by the Texaco station now," was hearsay and therefore inadmissible. Defendant has waived any error with respect to this testimony by failing to make a timely objection.

Defendant urges that those errors which were not properly preserved by timely objections should be considered on review of this case under the plain error doctrine provided in Supreme Court Rule 615 (Ill. Rev. Stat. 1967, ch. 110A, par. 615). We do not regard this case as an appropriate one to employ the plain error doctrine since this is not a close case on the evidence as to defendant's guilt. Where there is no evidence to indicate anything other than defendant's guilt and it appears that the result would not have been different had the errors complained of not occurred, the judgment of conviction will not be set aside. *People v. Tribbett*, 41 Ill.2d 267 at 272.

The judgment of conviction is affirmed.

Judgment affirmed.