THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE THOMAS, Defendant-Appellant.

(No. 55054;

First District—March 8, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Howard Pries, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James E. Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

After a jury trial, Eugene Thomas, was found guilty of jumping bail. The trial court sentenced the defendant to the Illinois State Penitentiary for a period of not less than three years and not more than five years. The defendant raises the following two issues for review:

1. Whether the trial court properly denied the defendant's request for a continuance; and

2. Whether the trial court properly sustained the State's objection to defendant's testimony as to his intention at the time of the offense. The facts are as follows:

On April 28, 1964, the defendant was arrested for burglary by Officer Giraldi. He was admitted to bail on May 15, 1964, and ordered to appear on May 22, 1964. On May 22, 1964, the defendant appeared as instructed but the case was continued and the defendant was ordered to appear on June 12, 1964. Officer Giraldi testified that he was in court on June 12, 1964, for about four hours starting at 9:30 A.M. and that he did not see the defendant at all during that time. The defendant testified that he visited the court on June 12, 1964, at about noon, but was told by a clerk that his case was not scheduled.

The defendant failed to appear on June 12, 1964, so the court on the motion of the State, entered a bond forfeiture and a warrant. Notice of the bond forfeiture was filled out by the clerk on June 15, 1964, and sent to the defendant at 6151 S. Champlain. The defendant testified that he has lived at 6151 S. Champlain since 1940. The defendant failed to respond to the notice of the bond forfeiture and on December 29, 1965, he was indicted for jumping bail. On January 17, 1966, the indictment was stricken with leave to reinstate. On December 22, 1969, the defendant was arrested by Officer Moran and on December 30, 1969, the jumping bail indictment was reinstated.

The defendant's trial for jumping bail commenced on February 18, 1970, after three continuances. Charles Cisek, Deputy Clerk of the Circuit Court testified that he was in Judge Napoli's courtroom on June 12, 1964, and that the Memorandum of Orders and the Official Journal of the clerk's office both make reference to the defendant on that day and that they indicate that he was not present when called.

The defense attempted to obtain the defendant's testimony regarding his state of mind at the time of the offense. The court sustained the State's objection to the question. The defendant's request for a one day continuance to obtain defendant's wife as a witness was denied. The court granted the defendant a two hour recess.

Defendant urges that the trial court committed reversible error in denying a continuance of the trial on motion of defendant's counsel.

On January 30, 1970, the defendant stated that he was ready for trial. The jury was selected on February 18, 1970. On February 19, 1970, the defendant requested a one day continuance in order to obtain a witness. Defendant's motion for a continuance was made after the prosecution

had rested. The court granted the defendant a two hour noon recess on February 19, 1970 to find the witness.

Defendant's counsel stated that the missing witness, defendant's wife, would generally corroborate the matters which the defendant uncontradictedly testified to that related to her. The missing witness did not go to court with the defendant on the day in question, June 12, 1964. The defendant has failed to show the materiality of the testimony of the proposed witness and had sufficient time to subpoena his witness.

■■ The matter of granting a continuance is within the sound discretion of the trial court and it is only where the record shows an abuse of such discretion that the conviction will be reversed. *People v. Harper*, 31 Ill.2d 51, 198 N.E.2d 825; *People v. Clark*, 9 Ill.2d 46, 137 N.E.2d 54.

■■ In the case at bar, counsel's request for a continuance would have resulted in an unnecessary delay in the administration of justice and was properly denied by the trial court.

■■ The defendant's second contention was that the trial court erred when it prevented the defendant from testifying as to his intention at the time of the offense because state of mind was a necessary element of the offense of jumping bail.

Section 32—10 of the Criminal Code provides:

"Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture * * *." (Ill. Rev. Stat. 1963, ch. 38, par. 32—10)

Section 4—5 of the Criminal Code provides:

"A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

(b) The result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct.

Conduct performed knowingly or with knowledge is performed wilfully, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." Ill. Rev. Stat. 1963, ch. 38, par. 4—5.

Defendant's counsel was not allowed to ask the defendant the following question:

"Mr. Sammons: Q. Did you, at any time between 1964 and today did you have knowledge that you were supposed to surrender?"

Defendant's answer to this could not have materially affected the jury's verdict in view of the evidence introduced at the trial which conclusively showed that the defendant either had or should have had knowledge that he had a duty to return to court for the disposition of his case.

One of the conditions of the defendant's bail was that he appear in court on June 12, 1964. The duty to appear was printed on the reverse side of the bail bond slip which the defendant signed. Defendant admitted that he had done nothing to find out about his case for over four years. He stated that he had previously been placed on bail and, therefore, he was no stranger to bail bond procedure.

Officer Giraldi testified that he was in Judge Napoli's courtroom for four hours on June 12, 1964, and did not see the defendant. The Deputy Clerk of the Circuit Court, Charles Ciszek, testified that his records showed that defendant was not present in Judge Napoli's courtroom on June 12, 1964.

Finally, the record shows that the Circuit Court clerk mailed a notice to the defendant at 6151 S. Champlain, informing the defendant that he missed his appearance and if he did not surrender himself within 30 days he would forfeit his bond. The clerk testified that the post office did not return the notice. Defendant stated that he had lived at 6151 S. Champlain for over 20 years.

All the cases cited by the defendant in support of his second contention dealt with self-defense and either murder or manslaughter and, therefore, were not applicable to the case at bar. *People v. Biella,* 374 Ill. 87, 28 N.E.2d 111; *People v. Spranger,* 314 Ill. 602, 145 N.E. 706; *People v. Scott,* 284 Ill. 465, 120 N.E. 553; *People v. Johnson,* 108 Ill.App. 2d 150, 274 N.E.2d 10; *People v. Millet,* 60 Ill.App.2d 22, 208 N.E.2d 670.

Even if it were error for the trial court to prevent the defendant from answering his counsel's question, it was harmless error in light of the overwhelming evidence. Defendant made no effort to contact the court or appear therein. Defendant's answer to the question could not have affected the jury's verdict.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.