THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FENTON L.
ROBINSON, Defendant-Appellant.

(No. 55761;

First District (5th Division)—July 27, 1973.

*Rehearing denied August 13, 1973.*

Cornelius E. Toole, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Jonathan Gilbert, Elmer C. Kissane, and Frederic I. Chaimson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:
OFFENSES CHARGED.
Involuntary manslaughter. (Ill. Rev. Stat. 1967, ch. 38, par. 9—3(a).)*
Driving under the influence of alcohol. (Ill. Rev. Stat. 1967, ch. 95½,

* A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly.

par. 144(47).) Negligent driving. Chicago, Ill., Mun. Code (1967), ch. 27, par. 255.

JUDGMENT.

After a bench trial, defendant was found guilty of involuntary manslaughter, and sentenced to a term of one to three years; guilty of negligent driving, and given a suspended fine of $100. The charge of driving while intoxicated was dropped during the trial.

CONTENTIONS RAISED ON APPEAL.

1. The court erred in denying defendant's motion for a continuance to get the Alcoholic Influence Report which the prosecution failed to make available during the course of the trial.

2. The prosecution erred by withholding evidence of an Alcoholic Influence Report which was favorable to the accused.

3. The court erred by refusing to grant a new trial when the court was tendered an Alcoholic Influence Report as an exhibit attached to the motion for a new trial.

4. Defendant was denied a fair and full hearing in aggravation and mitigation when the court failed to order a presentence report upon motion of defense counsel.

EVIDENCE.

Barbara Brooks, for the State:

She was 28 years old and resided with her mother in Chicago at the time of the offense. At about 3:00 P.M. on Saturday, August 9, 1969, she and her mother went shopping at several stores on the south side of Chicago. Their last stop was the Ace Hardware Store at 75th Street near Vincennes. Her mother went into the hardware store, returning ten minutes later with three storm windows. She approached the driver's side of the car which was parked at the curb to get the keys from the witness, then went to the rear of the car to put the windows in the trunk. The witness heard the trunk open, then heard a crash, she slumped over, her chest hit the steering wheel, and she fell out of the passenger side of the car and suffered various injuries. When she got up, she saw her mother lying in the street near the curb with her legs cut off. She saw defendant at the scene, asked him his name, but couldn't understand anything he said because he just mumbled and grumbled. She smelled alcohol on his breath and noticed that he swayed and staggered when he walked. Her mother died upon arrival at the hospital. The car was forced over the curb and into a vacant lot by the force of the impact. There were no skid marks at the scene of the accident.

Tom McKenna, for the State:

He was a Chicago police officer assigned to the traffic division. At about 6:00 P.M. on Saturday, August 9, 1969, he received a call to pro-

ceed to an accident at 222 W. 75th Street. It was a bright, clear day and the streets were dry. He observed the victim's Plymouth northwestbound over the curb in a parking lot. Defendant's car was straddling the center line of the street facing east. The Plymouth was extensively damaged in the rear, defendant's car in the front end. He saw no skid marks at the scene. When he asked defendant for an explanation of what had happened, defendant replied, "I am sorry. I don't know, officer. I blacked out." He noticed defendant had a cut on his chin but didn't notice anything else unusual about him. Later under questioning at the station, defendant told him that a car had passed him on the left, cutting him off, he slammed on his brakes and then blacked out. The witness noticed an odor of alcohol on defendant's breath, and defendant stated that he had consumed beer earlier in the day. Before defendant was taken to the station, he stated that he had not been drinking. The officer made out an alcoholic influence report but did not bring it to court or give a copy of it to the prosecutor. Both copies of it were turned over to the evidence technician who administered the breathalyzer test. The reading on that test was point zero six. Defendant was also given a balance test, walking test, turning test, a test of his ability to pick up coins, a speech test and a handwriting specimen. As a result of all tests, he felt that defendant was under a moderate influence of alcohol.

Fenton Robinson, on his own behalf:

He was an entertainer. On August 9, 1969, at about 3:00 P.M., he left work on the north side, ran some errands, and proceeded south on the Dan Ryan Expressway to 75th Street. As he was traveling west on 75th Street at about 30 miles an hour, he saw a Plymouth parked in the street. He attempted to pull around it, but as he did so, he was cut off by another car, hit his brakes, but still crashed into two cars that were parked behind the Plymouth. He blacked out at the time of the crash and his injuries required six stitches on his face. He had not stopped anywhere to have an alcoholic beverage prior to the accident. He had worked all day and was tired but didn't fall asleep. His vision was obscured by the sun shining in his eyes. He was dazed by the accident and couldn't remember how long he was unconscious, but remembered hitting his brakes before the crash. He did not remember talking to the officer in the street or Miss Brooks talking to him.

*OPINION*

Defendant maintains that it was error for the trial judge to deny his motion for a continuance requesting time to obtain the Alcoholic Influence Report from the police. After the charge of driving while intoxicated had been dropped, but during cross-examination of the officer about the tests he had run on defendant to determine his level of in-

toxication, counsel for defendant requested a copy of the Alcoholic Influence Report to complete his cross-examination. He stated that, even though the charge of driving under the influence of alcohol had been dropped, the officer's testimony was being used to rebut defendant's statement that he had had nothing to drink, and he should therefore have access to the report and be allowed to question the officer about it and offer evidence to the contrary. The judge replied that counsel had ample opportunity to subpoena the document prior to trial, and denied counsel's motion to subpoena the document instanter. The court had also denied the earlier defense motion for a continuance for time to obtain the report. In denying the motions, the judge stated:

> "The information you requested is not pertinent simply because all you are trying to do is show that this man may or may not have been intoxicated and that is not the issue here."

■■ The granting or denial of a continuance to obtain evidence or procure a witness is within the discretionary powers of the trial court. (*People v. Allgauer*, 114 Ill.App.2d 405, 408, 252 N.E.2d 671.) When reviewing the exercise of the court's discretion, this court must determine whether defendant had acted diligently in his attempts to obtain the evidence (*People v. Thomas*, 4 Ill.App.3d 535, 537, 281 N.E.2d 447), whether the evidence would be material to the case and might affect its outcome (*People v. Douglas*, 130 Ill.App.2d 938, 942, 267 N.E.2d 43), and whether defendant has been prejudiced in his right to a fair trial. *People v. Weaver*, 8 Ill.App.3d 299, 304, 290 N.E.2d 691.

■■ From the facts of the present case, it appears that defendant had ample opportunity to obtain the report prior to the time he asked for a continuance. Not only did he fail to seek the report through pre-trial discovery, but when given a week's continuance during trial, he still did not request the document which at that time was of potential importance, since the charge of driving under the influence of alcohol had not yet been dropped. However, when his request for the report was finally made, that charge had been nolle prossed and the report might only have been moderately helpful to impeach the officer's testimony on a purely collateral matter which could not have affected the outcome of the case since there was more than sufficient evidence to convict defendant of the other two charges.** Thus, it is our opinion that the trial judge did

---

** Defendant asserts he could have used the report to impeach the officer's testimony; however, the report itself provides little basis for impeachment. Not only were the tests performed almost three hours after the accident, but they tend to confirm that defendant had been drinking prior to the accident, although, as would be expected by the time the tests were taken, the effect of the alcohol on defendant appeared to be slight. The officer stated during the trial, however, that the alcohol appeared to have a moderate influence on defendant.

not abuse his discretion, and his denial of defendant's motion for a continuance did not deprive defendant of a fair trial.

■■ Next, defendant argues that the prosecution itself was obliged to supply the Alcoholic Influence Report which was favorable to defendant. Defendant's assertion is based on his belief that the report was material to the issue of his guilt. (*Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194.) However, as we mentioned earlier, proof of a moderate effect of alcohol on defendant was not material to the issues on either of the two remaining charges. We conclude on this point that the State was not obligated to offer the report either as evidence or for perusal by defense counsel during trial.

Not only do we find that the evidence established defendant's guilt beyond a reasonable doubt, but even if it were considered prejudicial for the State not to have furnished the report at trial, its failure so to do, under the circumstances of this case, was harmless beyond a reasonable doubt (by analogy to *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824), and does not furnish ground for reversal.

■■ Next, defendant asserts that the court erred by refusing to grant a new trial, as requested in defendant's motion which had attached to it the Alcoholic Influence Report as an exhibit. Since, as we have concluded above, use of the report could not have affected the outcome of the case, defendant's motion for a new trial was properly denied.

Finally, defendant maintains that the court denied defendant a full and fair hearing in aggravation and mitigation by failing to order a pre-sentence report upon motion of defense counsel.

After finding defendant guilty, but before imposing sentence, the judge denied defendant's request for a pre-sentence investigation by the probation department to determine defendant's background. In denying defendant's request, the judge permitted, instead, a hearing in mitigation which explored defendant's family background and employment record to the full extent desired by defendant.

■■ At the time of sentencing, the law did not require the trial judge to order a pre-sentence investigation, but if one was requested and denied, the court "should conduct a mitigation hearing and thereby give the defendant an opportunity to make known the things favorable to himself which he believes the investigation would have brought forth." (*People v. Smith*, 62 Ill.App.2d 73, 80, 210 N.E.2d 574.) We believe that the hearing in mitigation conducted in the present case was more than adequate.

The judgments of the Circuit Court are affirmed.

Affirmed.

DRUCKER, P. J., and LORENZ, J., concur.