THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM JONES, Defendant-Appellant.

First District (4th Division)   No. 62669

Opinion filed February 10, 1977.

Frederick F. Cohn, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendant, William Jones, was convicted of armed robbery after a jury trial and was sentenced to a term of eight to 24 years in the Illinois State Penitentiary.

The issues presented for review are (1) whether the trial court properly denied defendant's motion for discharge under the Fourth Term Act; (2) whether the cross-examination of the defendant was proper; (3) whether the defendant was denied the right to present evidence; and (4) whether the defendant was denied a fair trial due to the fact that the codefendant absented himself after jury selection.

The facts of the case are, on December 12, 1972, three men, two of them armed, forced their way into an apartment occupied by two elderly people. The men proceeded to vandalize the apartment, taking money and other valuables while forcing the occupants to lie on the floor. After 45 minutes, the intruders were interrupted by the arrival of two Chicago police officers, whereupon they fled. Two of the men were captured by the police after a short chase and were identified by the victims as being the men who were the robbers. The robbers were also identified by the victims at trial. Defendant was identified as the man who did not have a weapon.

■■ ■ The first issue presented for review is whether or not the defendant was denied a discharge under the Fourth Term Act improperly. A search of the record shows there were nine separate continuances either on the motion of the defendant or by agreement between the defendant and the State. As the supreme court said in *People v. Gooding* (1975), 61 Ill. 2d 298, 301: "Thus, any continuance which is allowed during the 120-day statutory period constitutes a delay. When it is clear that the continuance is granted at the request of the defendant, then it is a delay 'occasioned by the defendant' within the meaning of the statute, and a new statutory period commences to run from the date to which the continuance is granted." It is clear from the record the defendant caused the delays in proceeding to trial and the trial court was correct in denying defendant's motion for discharge.

■■ Defendant urges the cross-examination of himself was improper as the State attempted to comment upon his silence at the time of the arrest. Reading the record it is clear the State merely was amplifying statements made by the defendant on direct testimony as to what he had said to the arresting officer. This was originally brought out by the defendant's own attorney and as such was proper material for cross-examination.

■■ Defendant next raises the question of whether or not he should have been permitted to testify as to his reasons for his taking the route he did. This had no bearing on the matter before the trial court. As this court said: "Defendant's answer to this could not have materially affected the jury's verdict in view of the evidence introduced at the trial * * *." (*People v. Thomas* (1972), 4 Ill. App. 3d 535, 538.) In the instant case the evidence the defense wished to introduce was completely immaterial and could have no effect whatsoever on the jury's verdict. It was properly excluded by the trial court.

■■ Defendant next contends he was denied a fair trial when the court refused to grant a severance from his codefendant. In *People v. Boyce* (1976), 41 Ill. App. 3d 53, this court said: "Defendant next raises the related contention that the trial court erred in failing to order *sua sponte* a severance of his cause when his co-defendant did not appear after the first day of trial. The general rule in Illinois is that persons jointly indicted should be tried together, and whether a separate trial should be granted under the circumstances is a matter largely within the sound discretion of the trial judge. [Citation.] As we explained above, defendant was not prejudiced merely because he was tried jointly with co-defendant Gary in absentia." (*Boyce*, at 59.) In the instant case, we feel it was within the sound discretion of the trial judge to deny the motion for severance and that he properly did so.

■■ Given the facts of the instant case, we see no reason to reduce the minimum sentence imposed by the trial court.

For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.