THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM M. LEMCKE, Defendant-Appellant.

Second District   No. 78-440

Opinion filed January 14, 1980.

Mary Robinson and Richard E. Cunningham, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, William M. Lemcke, was found guilty by a Du Page County jury of committing indecent liberties with a child (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(3)) and was subsequently sentenced to four years' imprisonment. Defendant appeals contending that he was denied a fair trial when he was not allowed to testify about his mental state and his alleged inability to be sexually aroused.

Complaining witness, A.S., testified that on January 15, 1977, when she was eight years old, she went to a YMCA for a basketball lesson and swimming. Defendant Lemcke was the basketball coach. Defendant asked A.S. if she wanted to go swimming at "the Four Seasons." She asked her sister, M.S., who was also present. They then went to the girls' home where their mother gave permission for the swimming outing.

Before reaching the pool the defendant picked up a third girl, Kathy. They then stopped at a restaurant and proceeded to the Four Seasons motel. Defendant paid for use of the pool. The three girls went to the ladies' locker room to change clothing. They then went to the men's locker room with the defendant at his request. Defendant told the girls that they had to take off their suits and shower before going swimming. The girls left their suits on, but began to shower in the men's shower room. Defendant came into the shower room without any clothes on. According to A.S., defendant then asked if she would wash his back. After she did so, he asked her to wash his "tummy." He asked M.S. and Kathy to leave the shower room. Defendant then asked her to wash his penis. She said she washed his penis for two or three minutes and then went to the swimming pool. A.S. testified that when she got to the pool,

she told M.S. that the defendant had had her wash his penis. A.S. further testified that while they were swimming, the defendant's swimming trunks came down to his knees on two or three occasions and that he asked her to help him pull up his trunks. After they finished swimming, the defendant drove the girls to a bread shop and then home.

M.S., who was 11 years old at the time of the incident, substantially corroborated her sister's testimony.

Defendant was the only defense witness. He testified that he took the three girls swimming on the day in question. After the girls changed into their suits, he asked them if they had taken a shower. They said they didn't have to take a shower. He told them they had to take a shower and when they continued to resist he told them to come to the men's locker room. Defendant testified that while he was in the locker room without any clothes on when the girls were showering, he never went into the shower room during this period. He further denied having any contact with A.S. or having asked her to wash him. Defendant also denied that his bathing trunks ever came down while they were swimming.

Defendant was asked by defense counsel if he had any sexual desires to have any sexual contact with A.S. An objection to this question was sustained. He was then asked when he had last been sexually aroused. An objection to this question was also sustained. Defense counsel did not make an offer of proof after these objections were sustained.

The jury returned a verdict of guilty and defendant was subsequently sentenced to four years' imprisonment. Defendant appeals.

Two issues are raised by this appeal: (1) whether the trial court erred in excluding the testimony as to defendant's alleged lack of intent, and (2) whether defendant was deprived of effective assistance of counsel by his attorney's failure to make an offer of proof after objections to questions concerning intent were sustained.

■■ Defendant was charged by information with submitting to an act of lewd fondling by A.S. with the intent to arouse or to satisfy the sexual desires of himself. As a general rule, where intention, motive, or belief of an accused is material to the issues to be proved, he is allowed to testify directly as to his state of mind. *People v. Smalley* (1973), 10 Ill. App. 3d 416, 423, 294 N.E.2d 305, 310; *People v. Biella* (1940), 374 Ill. 87, 28 N.E.2d 111.

■■ While there was no offer of proof, the testimony excluded was apparently intended to show that the defendant lacked the intent to arouse or satisfy his sexual desires. We find that this testimony was relevant to the charged mental state. Thus the trial court erred when it sustained objections to defendant's attempts to testify directly as to his state of mind.

■■ The State argues that the defendant's sexual desires are irrelevant as

under the statute in question (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(3)) a person commits indecent liberties with a child by engaging in any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires *of either the child or the person or both.* The State argues that the defendant's conviction should be sustained based on evidence of intent to arouse the sexual desires of A.S. This argument, however, is without merit. Not only is there an absence of direct evidence as to the sexual desires of A.S., but the information specifically charged the defendant with the "intent to arouse or to satisfy the sexual desires of himself." Thus the State is precluded from reliance on the alternate mental state provided in the statute. *People v. Ball* (1970), 126 Ill. App. 2d 9, 261 N.E.2d 417.

■■ The State also argues that the failure of defense counsel to make an offer of proof waived any error. We agree that the questions at issue are not of the type that clearly indicated to the court their purpose and admissibility (*cf. People v. Limas* (1977), 45 Ill. App. 3d 643, 359 N.E.2d 1194) and thus an offer of proof is a prerequisite for an assignment as error on review (*People v. Slaughter* (1977), 55 Ill. App. 3d 973, 371 N.E.2d 666). Defendant does not maintain otherwise, but instead contends that his counsel's failure to make an offer of proof after the objections to his mental state testimony were sustained amounted to a denial of effective assistance of counsel.

■■ While not argued by the parties, the record indicates a second shortcoming on the part of defense counsel. The State tendered a modified version of Illinois Pattern Jury Instructions, Criminal, No. 9.07 (1968) (hereinafter IPI) defining in general terms the crime of indecent liberties with a child. This instruction, which was given without objection, contained the same intent charged in the information: the intent to arouse or satisfy the sexual desires of the defendant. Defense counsel, however, offered a supplemental instruction (IPI Criminal No. 9.09) specifically defining the elements of indecent liberties. This instruction contained the intent language in the statute: the intent to arouse the sexual desires of either the defendant or the victim. This defense instruction, which was given without objection, is defective as it instructed the jury that it could convict the defendant on the basis of an intent not specified in the information.

The standard for establishing an absence of competent representation by court-appointed counsel is actual incompetence which results in substantial prejudice without which the outcome would probably have been different. (*People v. Goerger* (1972), 52 Ill. 2d 403, 408-09, 288 N.E.2d 416, 419; *cf. People v. Torres* (1973), 54 Ill. 2d 384, 297 N.E.2d 142, for the standard in cases where defendant retained private counsel.) In *People v. Butler* (1974), 23 Ill. App. 3d 108, 318 N.E.2d 680, the court

found that the tendering of an improper jury instruction was evidence of incompetency of counsel. Specific intent is an element of the offense of indecent liberties with a child under section 11—4(a)(3). (*People v. Marchese* (1975), 32 Ill. App. 3d 872, 882, 336 N.E.2d 795, 803.) Thus the defendant's intent is an essential element of the charged offense.

■■ We find that the tendering of an improper instruction concerning intent coupled with the failure of defense counsel to make an offer of proof of the objected to intent testimony were acts of incompetency resulting in substantial prejudice to the defendant. There is at least a probability that these defects affected the outcome of defendant's trial. Accordingly, we reverse defendant's conviction and remand for a new trial.

Reversed and remanded.

WOODWARD and NASH, JJ., concur.