THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLARENCE CHRISTEN, Defendant-Appellant.

Second District   No. 79-139

Opinion filed March 17, 1980.

Mary Robinson and Marilyn Martin, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Clarence Christen, was tried by jury, found guilty of murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1), and thereafter was sentenced to a fixed term of 20 years' imprisonment. On this appeal he has raised several claims of error, and we find that his conviction must be reversed and the cause remanded for a new trial because of the erroneous exclusion of evidence of his intent sought to be introduced by defendant.

Christen was employed as an armed security guard for a liquor store and parking lot attached to the Capricorn Lounge in Aurora, Illinois. He had served in this capacity for approximately eight years, and his duties included the transfer of money at the end of the shift, traffic control in the parking lot area, and prevention of loitering.

On the night of August 14, 1978, Christen entered the Capricorn Lounge to retrieve cash from the front bar and to inform the customers that it was closing time. Six or seven people were present including the decedent, Phillip Armstrong, who responded by calling Christen an "old m..... f.....". Christen was apparently offended by this comment and

shouted back, "[y]ou don't call me old m..... f.....".". Armstrong then walked toward Christen, who was standing behind the bar. Shelly Armstrong, wife of the decedent, testified that while approaching the defendant, her husband said, "[w]ell, look like we're just going to have to fight," and began bouncing around in a mock boxing manner hitting the air with his fists. Armstrong proceeded behind the bar and apparently attempted an apology, which Christen rejected. Although Christen testified that he thought Armstrong's conduct was threatening, no other witness noticed anger or any threatening behavior on the part of Armstrong. When Armstrong was within reach, Christen took hold of Armstrong's shirt collar and drew his gun. Armstrong struck no blows but did seek to break free. At about this time, Christen fired three shots: the first went overhead and the second and third bullets struck and killed Armstrong.

At the time of the shooting Christen was 81 years of age and suffered from certain physical disabilities: two amputated fingers, an artificial leg requiring the support of a cane, and damaged eyesight. Armstrong, however, was a relatively young man, approximately 6 feet tall, and weighed 180 pounds.

■■ In criminal cases, where the intention, motive, or belief of accused is material to the issue, the accused is allowed to testify directly to the fact. (*People v. Biella* (1940), 374 Ill. 87, 28 N.E.2d 111; *People v. Pernell* (1979), 72 Ill. App. 3d 664, 391 N.E.2d 85; *People v. Graves* (1978), 61 Ill. App. 3d 732, 378 N.E.2d 293; *People v. Ortiz* (1978), 65 Ill. App. 3d 525, 382 N.E.2d 303; *People v. Perry* (1974), 19 Ill. App. 3d 254, 311 N.E.2d 341.) As stated by the Illinois Supreme Court in *People v. Biella*:

"The circumstances under which the act in question was done usually serve to manifest to a great degree the intent of the actor and may overcome his declaration as to his intention, but he has the right to testify to his intention and to have the circumstances surrounding the act considered in connection with his testimony." 374 Ill. 87, 89, 28 N.E.2d 111, 112.

■■ Where a claim of self-defense rests upon some reasonable basis, exclusion of state-of-mind testimony by a defendant will ordinarily constitute reversible error unless sufficient evidence of his intent is admitted at a subsequent stage of trial. See *People v. Smalley* (1973), 10 Ill. App. 3d 416, 294 N.E.2d 305; see also *People v. Biella* (1940), 374 Ill. 87, 28 N.E.2d 111; *People v. Limas* (1977), 45 Ill. App. 3d 643, 359 N.E.2d 1194; and *People v. Johnson* (1976), 42 Ill. App. 3d 425, 355 N.E.2d 699.

■■ In the present case, the trial court sustained the State's objections to questions propounded to defendant on direct examination relating to his intent or state of mind immediately prior to shooting Armstrong, as follows:

"Q [defense counsel]: Would you explain to the Court and ladies and gentlemen why you shot him?

MR. PETERSEN [State's Attorney]: Objection, Judge. That's irrelevant.

THE COURT: Objection sustained.

\* \* \*

Q. Could you have fought him?

MR. PETERSEN: Objection, Judge, that's irrelevant.

THE COURT: Objection sustained.

\* \* \*

Q. Did you want to kill him, Mr. Christen?

A [defendant]. I wasn't aiming—

MR. PETERSEN: Objection.

THE WITNESS [defendant]: (continuing)—to kill him, I wanted to scare him—

THE COURT: Mr. Christen, the objection has been sustained."

Under the circumstances of this case, we cannot discount the possible effect that testimony by defendant relating to his state of mind might have had upon the verdict of the jury. As defendant was precluded from testifying to his state of mind, he was arguably prevented from establishing that he did not intend to kill Armstrong or, alternatively, that he reasonably believed that his own life was jeopardized, requiring his resort to deadly force. See *People v. Ortiz* (1978), 65 Ill. App. 3d 525, 533, 382 N.E.2d 303, 309; *People v. Graves* (1978), 61 Ill. App. 3d 732, 741, 378 N.E.2d 293, 300.

The State argues that defendant's state of mind was adequately shown during later stages of the trial and that any error in excluding his testimony must be considered harmless. (*People v. Wallenberg* (1962), 24 Ill. 2d 350, 181 N.E.2d 143; *People v. Limas* (1977), 45 Ill. App. 3d 643, 359 N.E.2d 1194; *People v. Johnson* (1976), 42 Ill. App. 3d 425, 355 N.E.2d 699.) We do not agree. The People point to direct examination where defendant testified that he could not fight with Armstrong and cross-examination where he stated that Armstrong approached with clenched fists. It is apparent that this evidence does not sufficiently reveal the intentions of defendant at the time he shot Armstrong. It is a mere recitation of the circumstances which confronted him and, although such circumstances could shed light on his state of mind, nevertheless the defendant had the right to directly testify to his intent at the time of the occurrence. *People v. Biella* (1940), 374 Ill. 87, 28 N.E.2d 111; *People v. Graves* (1978), 61 Ill. App. 3d 732, 378 N.E.2d 293; *People v. Lemcke* (1980), 80 Ill. App. 3d 298, 399 N.E.2d 677.

■■ The State also suggests that the error was cured by defense counsel's

statement, in argument to the jury, that his client did not intend to kill Armstrong. We find no authority to support this contention. This statement of defendant's intent did not reach the jury in the form of testimony nor could it be considered as evidence by the jury.

The State further contends that defendant waived this issue by failing to make an offer of proof when the trial court sustained the objections to examination of defendant. Generally, an offer of proof must be tendered to preserve for review a question of the wrongful exclusion of evidence. (*People v. Limas* (1977), 45 Ill. App. 3d 643, 359 N.E.2d 1194; *People v. Slaughter* (1977), 55 Ill. App. 3d 973, 371 N.E.2d 666; *People v. Nowak* (1979), 76 Ill. App. 3d 472, 395 N.E.2d 28.) The purposes served by an offer of proof are twofold. First, it allows the trial court to initially ascertain the admissibility of the evidence sought to be introduced. Second, it enables the reviewing court to find in the record the nature of the proffered evidence and determine whether there was prejudicial error in excluding it. (*People v. Duarte* (1979), 79 Ill. App. 3d 110, 398 N.E.2d 332; *People v. Johnson* (1977), 47 Ill. App. 3d 362, 362 N.E.2d 701; *People v. Moore* (1975), 27 Ill. App. 3d 337, 326 N.E.2d 420; *People v. Brown* (1975), 27 Ill. App. 3d 569, 327 N.E.2d 51.) An offer of proof is not required, however, when the evidence sought is obviously material and relevant. (*People v. Johnson; People v. Moore.*) Thus, where the trial court is sufficiently aware of the purpose for which the evidence is offered and the substance of the testimony sought to be elicited, an offer of proof need not be tendered. *People v. Moore*; see *People v. Slaughter* (1977), 55 Ill. App. 3d 973, 371 N.E.2d 666.

■■ In the case at bar, the trial court was fully aware that defendant would seek to raise an issue of self-defense. During a pretrial conference defense counsel informed the trial judge that he would utilize any available defense which would tend to justify or mitigate the charges of murder and voluntary manslaughter against Christen. Under the circumstances of this case, we find that the relevance and content of the testimony sought to be given by defendant were adequately demonstrated. (*People v. Moore*; see *People v. Johnson* (1977), 47 Ill. App. 3d 362, 362 N.E.2d 701; *cf., People v. Slaughter* (1977), 55 Ill. App. 3d 973, 371 N.E.2d 666.) While an offer of proof would have been preferable, it was nonetheless unnecessary as the trial judge understood that this testimony was being offered to disclose defendant's state of mind at the time of the shooting. *People v. Lemcke* (1980), 80 Ill. App. 3d 298, 399 N.E.2d 677.

Parenthetically, we note that the phrasing of these questions made the trial court's rulings upon them most difficult. The court may well have sustained the State's objections expecting defense counsel to offer a more

correctly formed question to defendant; after these rulings, however, this line of questioning was not further pursued.

Since this case must be reversed and remanded on this ground, we will also consider other issues which may arise upon retrial.

■■■ Defendant contends that the trial court erred by admitting inflammatory and irrelevant testimony concerning the physical condition of decedent's wife, Shelly, immediately after the death of her husband. An investigating officer testified, over defendant's objection, that Mrs. Armstrong appeared weak or faint during questioning at the scene. Defendant argues the admission of this testimony was improper because it relates to the surviving family of the decedent. (*People v. Bernette* (1964), 30 Ill. 2d 359, 197 N.E.2d 436.) Ordinarily, testimony concerning the decedent's family bears no relevance to the guilt or innocence of the accused and is highly prejudicial. (*People v. Dukes* (1957), 12 Ill. 2d 334, 146 N.E.2d 14.) Where such evidence is otherwise relevant, however, it is admissible although it may have a tendency to prejudice the accused. (See *People v. Garcia* (1978), 65 Ill. App. 3d 472, 382 N.E.2d 371.) Mrs. Armstrong was an eyewitness to her husband's death, and testimony relating to her condition and appearance at that time was relevant in determining both the degree of accuracy of her statements to the police and the circumstances under which she was required to answer and thus permitted the jury to better evaluate her testimony in trial.

The final issue we consider is whether the admission of a photograph of decedent taken at the scene, shortly after death, was so inflammatory and prejudicial as to necessitate reversal.

■■ Previous Illinois decisions have long held that the admission of a photograph of a murder victim is within the sound discretion of the trial court and where the photograph is probative of some material fact it is admissible despite its gruesome nature. (*People v. Campbell* (1979), 77 Ill. App. 3d 804, 396 N.E.2d 607; *People v. Lefler* (1967), 38 Ill. 2d 216, 230 N.E.2d 827.) When a photograph serves no purpose other than to inflame and prejudice the jury, however, it must be excluded. *People v. Jenko* (1951), 410 Ill. 478, 102 N.E.2d 783; *People v. Garlick* (1977), 46 Ill. App. 3d 216, 360 N.E.2d 1121, *cert. denied* (1977), 434 U.S. 988, 54 L. Ed. 2d 484, 98 S. Ct. 620.

Defendant argues that the photograph displaying the body of decedent immediately after the incident was highly prejudicial and irrelevant in view of defendant's admission that he shot Armstrong and his stipulation to other photographic exhibits which illustrated the nature and extent of Armstrong's injuries in support of the uncontested medical evidence establishing that death occurred as a result of two bullet wounds.

■■ The disputed photograph had probative value. (See *People v. Kirkpatrick* (1979), 70 Ill. App. 3d 166, 387 N.E.2d 1284; see also *People v. Campbell* (1979), 77 Ill. App. 3d 804, 396 N.E.2d 607.) Moreover, the State has a right to prove each element of a crime even though defendant stipulates to the cause of death and identity of the victim. (*People v. Campbell; People v. Kuntz* (1977), 52 Ill. App. 3d 804, 368 N.E.2d 114.) Nor was the photograph excessively gruesome; rather, it was an ordinary photographic exhibit which corroborated the medical evidence regarding the location and number of bullet wounds. *People v. Hollins* (1978), 64 Ill. App. 3d 282, 381 N.E.2d 48.

We have considered the other contentions raised by defendant on this appeal and determine that they are without merit.

For the foregoing reasons this cause is reversed and remanded for new trial.

Reversed and remanded.

UNVERZAGT and VAN DEUSEN, JJ., concur.