(No. 40917.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
VICTOR LEE JOHNDROW, Appellant.

*Opinion filed May 29, 1968.—Modified on denial of rehearing September 24, 1968.*

EDWARD D. GROSHONG, of East Alton, and EMERSON BAETZ, of Alton, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from an order of the circuit court of Madison County denying Victor Lee Johndrow's petition under the Post-Conviction Hearing Act, (Ill. Rev. Stat. 1967, chap. 38, pars. 122—1 et seq.). The petition recited Johndrow's conviction and sentence for abortion in 1965, the affirmance by the Appellate Court, Fifth District, in 1966 (People v. Johndrow, 71 Ill. App. 2d 75) and denial of leave to appeal by this court. (34 Ill.2d 629.) It further recited certain alleged substantial violations of petitioner's rights under the due-process guarantees of the State and Federal constitutions. A fair summary of these allegations reduces his claimed violations to two: (1) that the trial court arbitrarily denied his tendered instruction on accomplice testimony, and (2) that the appellate court affirmed his conviction, and the trial court's above ruling in particular, on grounds not urged by the State, thereby depriving him of procedural due process. Following an answer by the State and argument on the pleadings, the trial court denied the petition. On appeal, petitioner reasserts the impropriety of the trial court's ruling on his instruction and the appellate court's assigned reason for upholding that ruling.

It is not necessary to our decision here to delve further into the facts forming the basis for petitioner's allegations since the clear language of the Post-Conviction Hearing Act is dispositive of these charges. Section 122—1 of that Act, which sets forth the jurisdictional requirements for

relief thereunder, provides in pertinent part: "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." In our judgment, petitioner's charges do not constitute a denial of constitutional rights, or present questions which will justify post-conviction relief. See *People* v. *Cox,* 34 Ill.2d 66, 68; *People* v. *Vitale,* 3 Ill.2d 99, 106.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*