THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED BARBOUR, Defendant-Appellant.

(No. 71-191;

Third District—April 28, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

John David Zwanzig, Assistant State's Attorney, of Ottawa, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant-Appellant, Alfred Barbour, was indicted for offenses of Aggravated Battery and Intimidation. At the close of the evidence the court directed a verdict in favor of defendant on the Intimidation charge. The jury found defendant guilty of two offenses of Aggravated Battery and thereafter defendant was sentenced to two concurrent terms of from 5 to 10 years in the penitentiary.

On May 16, 1968, three men entered the discount store operated by John Watts and Kenneth Wood. Each of the three men was carrying a weapon, the larger man a sawed off shotgun and the two smaller men pistols. The three men walked up to Watts and the larger one struck

Watts with the barrel of the shotgun and knocked him down. Then he and one of the smaller men went to the other side of the store looking for Kenneth Wood. Meanwhile the other smaller man held Watts and some customers at bay in an office. When the two men found Wood, the larger man struck him on the head with the shotgun. When Wood fell to his knees, the smaller man helped pull him to his feet. The larger man struck Wood again with the shotgun. Then Wood ran out of the store and hid. The three men left.

According to the testimony of Watts and Wood the three men had also been in the store on May 3, 5 and 12. On those previous visits they had tried to collect a large debt which they claimed was owed to them by Wood and Watts. It did appear that Watts and Wood owed a substantial sum to a third party and it was the claim of the three men that the debt had been transferred to them.

At the trial Wood identified the defendant as the small man who had helped pull Wood to his feet. Watts identified the defendant as being one of the smaller men who carried a pistol. Both Watts and Wood testified that they had identified the defendant from photographic displays shown them two days after the battery occurred.

The defendant and his brother testified that from May 5 through May 11 in 1968 the defendant had been in Louisville, Kentucky. The defendant, his brother and a distant cousin of the defendant testified that from May 13 through May 17 of 1968 the defendant had been in Hardyville, Kentucky.

On appeal the defendant makes three principal assignments of error. First, the evidence is insufficient to support the charge of aggravated battery. Second, he was denied a fair trial because he did not receive effective assistance of counsel. Third, the sentence is excessive.

We have reviewed the assignments of error urged by defendant but do not find that reversible error was committed during the proceeding.

In arguing that the evidence is insufficient to support the conviction defendant contends that the injuries to the victims did not constitute "great bodily harm" as required by Sec. (12—4(a), Chap. 38, Ill. Rev. Stat. 1967, the section under which this prosecution was instituted. To support his contention defendant argues that the only injuries sustained by the victims were superficial lacerations requiring a few stitches to close them. However such an assertion seems contrary to the evidence including the testimony of the victims, photographs showing their appearance shortly after the incident and the testimony of a physician. The victims were hospitalized after the occurrence, Watts for ten days and Wood for two weeks. In addition to the cuts requiring suturing the victims sustained losses of blood, broken or lost teeth as well as other

bumps and bruises. During their hospitalization the victims complained of headaches and dizziness which complaints continued for some time after their discharge from the hospital. The victims were seen by their physician even after discharge from the hospital.

■■ Although aggravated battery requires something more grievous than a simple battery whether "great bodily harm" was sustained is primarily a question of fact for the jury. (*People v. Machroli,* 100 Ill. App.2d 227, 247 N.E.2d 609 (reversed on other grounds, 44 Ill.2d 222, 254 N.E.2d 450), *People v. Cavanaugh,* 18 Ill.App.2d 279, 152 N.E.2d 266, (affirmed in 13 Ill.2d 491, 150 N.E.2d 592) and *People v. Allen,* 117 Ill.App.2d 20, 254 N.E.2d 103). As outlined above there is substantial evidence in this case from which the jury could properly have inferred the victims sustained injuries of the nature required by statute.

Defendant's claim that he did not receive effective assistance of counsel relates to three general aspects of his counsel's activities. Defendant claims that his court appointed counsel failed to move for suppression of the identification testimony either before or during trial, failed to object to improper testimony during the trial, and finally failed to require that the final arguments be transcribed by the court reporter.

■■ In reviewing the factors concerning defendant's representation in this proceeding we conclude that the objections now raised on appeal relate primarily to matters of tactics and judgment. Whether trial counsel conducted the trial as Appellate counsel would have done or would like to have seen done is not the test. The trial counsel was experienced and well qualified. The alleged inadequacies of representation even if considered in their aspect most favorable to defendant fall far short of supporting any claim that defendant was in fact not represented by counsel or that such representation was so inadequate as to amount to a farce.

■■ With respect to the claim that trial counsel should have moved prior to trial for suppression of the identification testimony it is our conclusion from the facts that defense counsel could well have concluded such a hearing would be of no benefit to defendant. This is not a case where the victims saw the defendant for the first time on the date of the occurrence. On the contrary they had seen the defendant on several prior occasions under circumstances rebutting any intimation that their pre trial identification was the result of impermissible suggestiveness. So far as the record is concerned defense counsel could very well have known and probably did, what the victims were going to testify to regarding the identification of defendant.

■■ With reference to defendant's complaint that his trial counsel failed to object to improper testimony it is our conclusion that such

issues are particularly ones of tactics. No claim is made that the alleged improper testimony was of such a nature or sufficiently prejudicial that its admission requires a new trial.

■■ We believe it to be the better practice for a verbatim transcript of final arguments to be made by the court reporter but the waiver of such requirement by defendant's counsel does not require the conclusion that defendant received inadequate legal representation. Waiver of such a transcript can be of no benefit to the defendant and conversely such a transcript may be of benefit to the defendant. We do not believe the absence of such a transcript necessarily affects defendant's representation.

■■ Finally defendant argues his sentence was excessive because unreasonably severe and also because it is contrary to the indeterminate principle of sentencing. Although the sentence is severe it is based primarily on the nature and circumstances of the offense involved which in our judgment amply supports the discretion exercised by the trial court. Nor do we believe the sentence violates the principle of indeterminacy. We have previously observed that the proposed standards of the American Bar Association are guidelines only. The difference between the minimum and maximum sentences although less than that recommended by the standards, does provide a range or period during which the parole authorities may exercise discretion. For the foregoing reasons the judgments of the Circuit Court of La Salle County are affirmed.

Judgments affirmed.

ALLOY and DIXON, JJ., concur.