(No. 43946.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT GOERGER, Appellant.

*Opinion filed October 2, 1972.*

ROBERT GOERGER *pro se,* appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville (JAMES B. ZAGEL and THOMAS E. HOLUM, Assistant Attorneys General, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

On February 10, 1965, petitioner, Robert Goerger, was found guilty of aggravated battery by a jury in the circuit court of St. Clair County and sentenced to a term of from two years and six months to ten years in the penitentiary. He took no direct appeal. On December 1, 1968, he filed a *pro se* petition under the Post-Conviction Hearing Act (Ill.Rev.Stat. 1967, ch. 38, par. 122–1 *et seq.*) and shortly thereafter filed an amended petition. An attorney was appointed to represent him in those proceed-

ings. On motion of the State's Attorney, an order was entered dismissing the petitions without an evidentiary hearing, and it is from this order that petitioner now appeals; he has not requested counsel here.

In his amended petition, petitioner alleged denial of his constitutional rights in that: (1) the jury was given an improper instruction defining reasonable doubt; (2) admissions and confessions introduced into evidence against him were not voluntarily given, the trial court did not conduct a hearing to determine their voluntariness, and the jury was not instructed that in arriving at its verdict it could consider the question of voluntariness as affecting their weight and credibility; (3) the People did not furnish him with a copy of an arrest report prepared by a police officer who testified at the trial and furthermore did not produce on demand a written statement which he had signed following his arrest; (4) no warrant for his arrest was ever produced; (5) the prosecutor made improper remarks to the jury in his closing argument; (6) police officers conducted an illegal search of his residence to obtain a razor; and (7) the public defender appointed to represent him at the trial did not afford him competent representation. For the reasons hereafter stated we concur with the circuit court's determination that these allegations, even when liberally construed in favor of the petitioner and when considered with the supporting documents attached to the petitions, were insufficient to show a "substantial denial of his rights under the Constitutions of the United States or of the State of Illinois" as required by section 122–1 of the Post-Conviction Hearing Act. Ill.Rev.Stat. 1967, ch. 38, par. 122–1.

In view of the fact that the allegations of the petition all relate to asserted errors which would have been reviewable on direct appeal, defendant's failure to appeal could well be said to constitute a waiver. (*People v. Rose (1969), 43 Ill.2d 273, 279; People v. Eatmon (1970), 47 Ill.2d 90, 92.*) However, since petitioner is proceeding here

without counsel we have elected to consider his allegations on their merits.

Petitioner's initial allegation is that the trial court erred in giving People's Instruction No. 6 which reads as follows: "The court instructs the jury that a doubt to justify an acquittal must be reasonable and it must arise from a candid and impartial consideration of all the evidence in the case; and is such, that, were the same kind of a doubt interposed in the graver transactions of life, it would cause a reasonable and prudent man to hesitate and pause. Under this instruction if, after considering all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt." This instruction was not objected to by defense counsel at trial. Nevertheless, petitioner contends that the instruction was so prejudicial that he should not be deemed to have waived his right to raise the question in this proceeding. In so arguing, petitioner correctly points out that in *People v. Cagle (1969), 41 Ill.2d 528,* this court held that the giving of such an instruction constituted error, since the legal concept of reasonable doubt needs no definition and further because the instruction implied that a defendant must justify an acquittal. That this un-objected-to instruction was improperly given, however, does not constitute such fundamental unfairness as to obviate the *res judicata* and waiver doctrines hereinbefore referred to, nor does its giving effect the substantial denial of constitutional rights cognizable under the Post-Conviction Hearing Act. *People v. Johndrow (1968), 40 Ill.2d 288.*

We next consider petitioner's allegations that his admissions and confessions were involuntary; that the court erred in not holding a hearing on the question of their admissibility; and that it was error not to instruct the jury that it could consider the matter of voluntariness. At the outset, we note that neither the petition nor the supporting affidavits and excerpts of the record establish

that the question of voluntariness of petitioner's admissions and confessions was ever raised in the proceedings below. Although at one point defense counsel objected to the testimony of a police officer as to what petitioner had told him, the grounds for the objection were never specified. Following a conference before the bench, defense counsel did not persist in his objection, and the witness continued his testimony without objection. Subsequently, when the People moved to introduce a written confession into evidence, defense counsel indicated: "No objection." The petition contains no allegation that petitioner was prevented from raising the question of voluntariness in the proceedings below, nor does it allege any facts or circumstances which would justify a hearing on this matter for the first time in a post-conviction proceeding. With respect to petitioner's argument that the court erred in not holding a hearing on the admissibility of his admissions and confessions, no contention is made that the court was ever requested to hold such a hearing nor is there any allegation of facts which would indicate that such a hearing should have been held. Petitioner's complaint that the court erred in not instructing the jury that it could consider the question of voluntariness is also without merit. Such an instruction was not requested by petitioner, and in any event, there would have been no basis for giving such an instruction where the issue of voluntariness was never in question. *People v. Bernette (1970), 45 Ill.2d 227.*

We turn next to petitioner's allegations that he was prejudiced by: (1) failure of the People to furnish him with a copy of an arrest report prepared by a police officer who testified at the trial; and (2) the People's inability to produce a prior written statement which he had signed. Neither of these contentions can be sustained. With regard to the arrest report, the excerpt of the record on which petitioner relies establishes very clearly that the report was produced and handed to defense counsel upon request. As

to his other contentions concerning the written statement, the excerpt indicates that one of the police officers who testified had taken a written statement from petitioner after his arrest. During the trial the officer was shown a statement signed by petitioner and asked if that was the statement he had taken. The officer answered that it was not, and that he did not know the whereabouts of the other statement. When defense counsel requested that the other statement be produced, the State's Attorney indicated that he had no knowledge of it. No contention is made that the other statement was ever introduced into evidence or even that there was any testimony at the trial concerning its substance. Petitioner's allegations with respect to the nonproduction of the other written statement clearly do not raise constitutional issues.

Similarly, the allegation that no warrant was ever produced for his arrest, and his allegations that portions of the prosecutor's argument to the jury (not objected to) were improper, present no substantial constitutional questions. *People v. Bliss (1970), 44 Ill.2d 363; People v. Wallace (1966), 35 Ill.2d 620.*

In his amended petition petitioner alleged denial of his constitutional rights in that a police officer removed a razor from his residence without his permission and not pursuant to a search warrant. The razor was apparently introduced into evidence, although petitioner does not allege, and the supporting excerpts from the record do not show, that any objection to its introduction was ever raised below. The gist of petitioner's allegation is simply that two police officers gave perjured testimony when they testified that petitioner had given them permission to go to his residence to get the razor after he was arrested. These allegations are patently insufficient to warrant a post-conviction hearing.

Petitioner's allegation that the public defender appointed to represent him at trial did not afford competent representation is based on counsel's failure to object to

People's Instruction No. 6 set forth above, the fact that he did not request an instruction to the jury that it could consider the voluntariness of his confession, and his failure to object to portions of the prosecutor's final argument to the jury. Each of these issues have been dealt with earlier in this opinion, and it is unnecessary to dwell at length on them here. In order to establish lack of competent representation at trial, it is necessary to demonstrate "actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney" which results in substantial prejudice without which the outcome would probably have been different. (*People v. Dudley (1970), 46 Ill.2d 305; People v. Stepheny (1970), 46 Ill.2d 153; People v. Georgev (1967), 38 Ill.2d 165; People v. Morris (1954), 3 Ill.2d 437.*) In our opinion, sufficient facts to require a post-conviction hearing on incompetency of counsel were not alleged, and the trial court was correct in so concluding.

Accordingly, the judgment of the circuit court of St. Clair County dismissing the petitions for post-conviction relief without a hearing is affirmed.

*Judgment affirmed.*