could and did properly exercise his Fifth Amendment right to refuse to answer the questions asked of him (*cf. Gardner v. Broderick*, 392 U.S. 273, 20 L.Ed.2d 1082, 88 S.Ct. 1913 (1968); *Confederation of Police v. Conlisk* (7th Cir. 1973) 489 F.2d 891, *cert. denied*, 416 U.S. 956, 40 L.Ed.2d 307, 94 S.Ct. 1971 (1974)), by doing so he limited the evidence available to the Board, and he may not now complaint that a decision based on these unexplained incriminating circumstances is unjust or unwarranted. From our review of the record we are of the opinion that the finding by the Police Board of cause for removal is not against the manifest weight of the evidence, and, because we believe that no opposite conclusion is clearly evident, the judgment is affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JULIAN BELL, Defendant-Appellant.

(No. 60158;

First District (5th Division)—January 10, 1975.

PER CURIAM.

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Patrick T. Driscoll, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.