THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER DIXON, Defendant-Appellant.

(No. 59729;

First District (1st Division)—February 3, 1975.

James J. Doherty, Public Defender, of Chicago (Mary Jane Placek, William Trude, Thomas F. Finegan, and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

Following a hearing, defendant's probation was revoked and sentence of imprisonment for a minimum of 5 years and a maximum not to ex-

ceed 15 years was imposed. The order of revocation is being reversed and the cause is being remanded for a new hearing. The reason is that under the facts and circumstances of this case, the failure of the trial court to grant defendant's motion for a continuance to give his counsel sufficient time to prepare for the hearing was an abuse of discretion.

While on probation, the defendant was charged with participation in an armed robbery. Within a week he was identified by one of the victims and arrested for the robbery. A preliminary hearing was held approximately 1½ months later, but the record does not indicate what took place or what orders were entered. More than 3 months after his arrest for the armed robbery and more than 1½ months after the preliminary hearing, the defendant was arrested for violating his probation. The following day, a petition to terminate defendant's probation was filed. It specified the armed robbery as the reason.

The public defender was appointed to represent defendant on the same day the petition to terminate probation was filed; the hearing took place 7 days later. Promptly after his appointment, the public defender was advised by the defendant that his representation was not desired and that the defendant would employ counsel. The public defender, therefore, might have reasonably assumed he would not be representing defendant and need not give the matter the attention he otherwise would during the 7 days between his appointment and the hearing.

When the case was called for hearing, the public defender informed the court that the defendant was requesting additional time to employ counsel. The court denied the request and directed that the hearing proceed. The public defender then informed the court that he needed more time to prepare his own presentation. The court neither inquired why more time was needed nor gave the public defender the opportunity to explain his need for more time, but again directed that the hearing would proceed. It did.

There were three victims of the robbery. One was the owner of the premises that were robbed; his testimony placed defendant in the premises with a gun in each hand. Defendant denied he was ever in the premises. The other two victims were customers in the premises. Their wallets were taken, but they were not called as witnesses. Since the State, confronted with a direct contradiction between the testimony of the owner and that of the defendant, did not choose to call these witnesses, their testimony might have favored the defendant. The failure of either side or call these witnesses to resolve the conflict, coupled with the public defender's protest that he needed more time, shows the strong possibility that he did not have an adequate opportunity to interview

them or evaluate their importance to his case and that this prejudiced the defendant.

The denial of additional time to the public defender may have prejudiced the defendant in another respect. Defendant moved orally to suppress evidence seized in a search of his home upon his arrest for armed robbery. The trial judge overruled the motion without giving counsel the opportunity to offer evidence or present argument in support of the motion. With more time, the public defender, anticipating that such a motion would become necessary, might have been prepared with a written motion or offer of proof setting forth in full the grounds for his objection and stating for the record whether this evidence was considered at the preliminary hearing and whether any ruling on it at that hearing was relevant to the probation-revocation hearing. The silence of the record on these aspects of the evidence seized in defendant's home may have prejudiced defendant.

More than 4 months went by between defendant's initial arrest and the filing of the petition to revoke his probation. It is, therefore, obvious that the need for revocation could not have been so urgent as to justify denying the public defender more than 7 days to prepare, particularly in view of his uncertainty during those 7 days as to whether he or private counsel would be representing the defendant. There is no suggestion that the public defender in requesting a continuance was seeking to delay the administration of justice or embarrass the effective prosecution of crime. Under the circumstances there was no reason to deny a short continuance, and defendant was prejudiced by the failure of the trial court to grant it.

The result here is not inconsistent with *People v. Dandridge* (1974), 20 Ill.App.2d 745, 315 N.E.2d 116. In that case the public defender acknowledged he was ready, but a continuance requested to permit the defendant to employ counsel was denied. This court held there was no abuse of discretion because the public defender was well prepared and no prejudice to the defendant was shown. Here, the public defender informed the court he was not prepared, and as a result the defendant was prejudiced.

■■ Opinions prior to *People v. Dandridge* approving denials of requests for continuances are also distinguishable. *People v. Solomon* (1962), 24 Ill.2d 586, 182 N.E.2d 736, like *People v. Dandridge,* involved a request for a continuance to permit defendant time to employ counsel. The public defender assigned to represent defendant did not state he was unprepared to go forward. Defense counsel in *People v. Surgeon* (1958), 15 Ill.2d 236, 154 N.E.2d 253, as in *People v. Dandridge,* an-

nounced at the start of a bench trial that he was prepared for trial. In *People v. Canaday* (1971), 49 Ill.2d 416, 275 N.E.2d 356, it affirmatively appeared that defense counsel had the benefit of additional time during which he presented several motions. Also in that case, as in *People v. Van Norman* (1936), 364 Ill. 28, 2 N.E.2d 891, and *People v. Coleman* (1970), 45 Ill.2d 466, 259 N.E.2d 269, no possibility was shown of significant additional evidence being produced even with an extension of time. The court pointed out in *People v. Coleman* that there were no potentially favorable witnesses who might have been available. The defendants in *People v. Clark* (1956), 9 Ill.2d 46, 137 N.E.2d 54, and *People v. Latimer* (1966), 35 Ill.2d 178, 220 N.E.2d 314, received many continuances before further continuances were denied, and in both cases the continuance denied was requested many months after the indictment or arraignment. The differences betwen the cases referred to in this paragraph and this appeal demonstrate the wisdom of the rule that the granting of a continuance to permit preparation for a hearing depends on the particular facts and circumstances surrounding the request. *People v. Surgeon; People v. Solomon.*

■■ Courts have differed with respect to the rights to which due process entitles a defendant in a probation-revocation proceeding. One well-established protection, however, is the right to counsel. (*Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593; *Mempa v. Rhay* (1967), 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254; *People v. Beard* (1974), 59 Ill.2d 220, 226, 319 N.E.2d 745, 748; *People v. Pier* (1972), 51 Ill.2d 96, 100, 281 N.E.2d 289, 291.) This right is an empty one unless the attorney is given a reasonable opportunity to prepare. (*People v. Price* (1960), 24 Ill.App.2d 364, 164 N.E.2d 528.) Without it a defendant is deprived of the effective assistance of counsel and denied due process. *White v. Ragen* (1945), 324 U.S. 760, 89 L.Ed. 1348, 65 S.Ct. 978; *Powell v. Alabama* (1932), 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55.

In view of the remand on the ground stated, it is not necessary to consider the other grounds raised by the defendant on this appeal. They are, the refusal to permit a hearing on a motion to suppress evidence claimed to be illegally seized; whether the defendant waived his right to the presentence investigation report required by Section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—3 —1), after the court revoked his probation; and the proper formula for calculating credit due for time served on probation.

■■ Accordingly, the order of the circuit court revoking probation and sentencing the defendant to imprisonment is reversed, and the cause is

remanded for a new hearing on the rule to show cause why the defendant's probation should not be revoked.

Reversed and remanded.

GOLDBERG and EGAN, JJ., concur.