THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* O. Z. MEEKS, Petitioner-Appellant.

(No. 60504; )

First District (1st Division)—March 17, 1975.

Kenneth N. Flaxman, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Ricky L. Petrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

This is an appeal from the dismissal without an evidentiary hearing of the petition of O. Z. Meeks for post-conviction relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, § 122—1 et seq.) Petitioner was charged with rape, battery and deviate sexual assault. The victim had been intimate with petitioner for about a year. At the preliminary hearing, petitioner was represented by privately-employed counsel. Subsequently, he employed other counsel to replace his first attorney. Petitioner's second counsel advised him to go to trial, but on the day of trial the State offered a plea bargain. Petitioner, on the recommenda-

tion of his second attorney, accepted the State's offer, pleaded guilty, and was sentenced to imprisonment for not less than 4 nor more than 6 years.

The starting place of the petition is the allegation that petitioner's first attorney abstained from cross-examining the complaining witness at the preliminary hearing, presenting instead what the petition characterizes, without further elaboration, as a "pseudo-affirmative defense." The petition charges that by refraining from cross-examining the complaining witness, petitioner's first attorney failed to take advantage of the preliminary hearing as a vehicle to discover how the complaining witness would behave under cross-examination. Petitioner claims that for this reason he lacked competent counsel at the preliminary hearing, and was, therefore, deprived of his constitutional right to due process and effective assistance of counsel. The prejudice asserted by petitioner is that the failure of his first counsel to cross-examine deprived his second counsel of the knowledge of how effective the complainant would be as a witness at the trial, a consideration important in evaluating petitioner's case and crucial to the decision whether to plead guilty. Although the petition does not attack the competence of the attorney who represented petitioner when he entered his guilty plea, it concludes that the incompetence of the first attorney tainted the plea of guilty so that its entry violated petitioner's constitutional rights.

The conduct of petitioner's first counsel at the preliminary hearing is the keystone of his petition. If the petition failed to allege sufficient facts to show counsel's incompetence, it did not set forth a substantial constitutional claim and petitioner was not entitled to an evidentiary hearing. The sole allegation of the petition with respect to the incompetence of the first attorney is that at the preliminary hearing there was no cross-examination of the complaining witness. To determine whether petitioner should have been granted an evidentiary hearing, this court must decide whether as a matter of law competent professional representation requires an attorney for one charged with rape and deviate sexual assault and who had a prior relationship with the complaining witness to cross-examine her at the preliminary hearing.

In deciding whether a person accused of crime had effective assistance of counsel, an attorney's competence is not to be appraised on the basis of his response to matters involving the exercise of judgment, discretion or trial tactics. (*People v. Newell* (1971), 48 Ill.2d 382, 387, 268 N.E.2d 17; *People v. Wesley* (1964), 30 Ill.2d 131, 136, 195 N.E.2d 708; *People v. Bell*, 25 Ill.App.3d 565; *People v. Hall*, 25 Ill.App.3d 555; *People v. Walker* (1974), 22 Ill.App.3d 711, 318 N.E.2d 111; *People v.*

*Stokes* (1974), 21 Ill.App.3d 754, 757, 316 N.E.2d 127.) This is so even though other counsel or reviewing judges might under the same circumstances exercise different judgment or discretion or adopt other tactics. It is also true where as a matter of hindsight it appears that an attorney should have handled his assignment in a different way. Even victorious lawyers, let alone those who lose, in reviewing their effort often see how they could have done better. The decision of a lawyer to refrain from making a motion or interposing an objection does not establish incompetence since this may be a matter of strategy, not evidence of incompetency. *People v. Goerger* (1972), 52 Ill.2d 403, 288 N.E.2d 416; *People v. Walker* (1974), 22 Ill.App.3d 711, 318 N.E.2d 111; *People v. Barbour* (1972), 5 Ill.App.3d 323, 326, 282 N.E.2d 175.

In this case, several considerations may have influenced counsel's decision to refrain from cross-examining the complaining witness. For example, he may have decided the proper course was to avoid any possibility of antagonizing her since this might cause her to be hostile if interviewed prior to trial. This could have been an important motivation because of the possibility her attitude would mellow as a result of the interview or with the passage of time, particularly in view of her prior intimacy with the accused. The situation presented here is unlike rape by a stranger where it is important to pin down the victim's basis for identifying her attacker before the identification can be tailored to the accused. The advantages of discovery at the preliminary hearing may be outweighed by the possibility of locking the victim into testimony unfavorable to the accused, which she might feel she could not recant at trial. Where counsel is unable to control the answers he receives from the complaining witness, he may decide to refrain from cross-examination to avoid producing answers inconsistent with or contradictory to an affirmative defense.

■■■ Privately-employed counsel representing a defendant in a criminal case will not be regarded as incompetent unless his representation was so poor that it turned the proceeding into a farce and a sham. (*People v. Stanley* (1972), 50 Ill.2d 320, 278 N.E.2d 792; *People v. Garrett*, 26 Ill.App.3d 786. In representation by court-appointed counsel, the standard of conduct the petitioner is required to establish is less stringent; the showing need be only that counsel was actually incompetent in carrying out his duties. (*People v. Goerger* (1972), 52 Ill.2d 403, 409, 288 N.E.2d 416; *People v. Ashley* (1966), 34 Ill.2d 402, 411, 216 N.E.2d 126.) A third test, even more favorable to a defendant, is whether counsel provided a minimum standard of professional representation. There were no facts alleged either in the petition or in the

certificate of counsel filed in compliance with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch.. 110A, § 651(c)) which show petitioner's first attorney to have been incompetent under any of these tests.

The conclusion that the petitioner did not lack competent representation at the preliminary hearing destroys the contention that the advice of his second attorney to plead guilty and the entry of the guilty plea was in some way tainted by the lack of cross-examination at the preliminary hearing. In fact, the plea of guilty put to rest all claims of deprivation of constitutional rights based on occurrences prior to the entry of the guilty plea which were known to the petitioner except for a challenge to the competence of counsel's advice that the guilty plea be entered. (*Tollett v. Henderson* (1973), 411 U.S. 258, 266-267; *People v. Dennis* (1966), 34 Ill.2d 219, 221, 215 N.E.2d 218.) The petitioner does not complain of the advice given to him by his second counsel or of that attorney's conduct. Because of the failure of the petition to show that the first attorney was incompetent, any complaint about the second attorney relating in any way to the preliminary hearing would be to no avail.

The propriety of the dismissal of the petition without an evidentiary hearing is supported by still another reason. Illinois courts, in passing on the competency of court-appointed counsel where the standard applied is more favorable to a defendant by requiring only a demonstration of actual incompetence as compared with demonstrating the proceeding was turned into a sham and a farce, also require a showing that the defendant was prejudiced as a result of the claimed incompetency. (Compare *People v. Stanley* (1972), 50 Ill.2d 320, 323, 278 N.E.2d 792, with *People v. Goerger* (1972), 52 Ill.2d 403, 409, 288 N.E.2d 416; and *People v. Newell* (1971), 48 Ill.2d 382, 387, 268 N.E.2d 17.) Even though counsel here was employed rather than appointed and, therefore, it is unnecessary to determine whether there was prejudice, the record before this court does not contain a whisper of a suggestion that no matter how extensively, how ingeniously or how vigorously the complaining witness might have been cross-examined, her testimony would have given petitioner any comfort. It would be impossible for petitioner to establish or even allege that her testimony could have been helpful to him, because whether it would have changed or shifted or whether how she would have behaved under cross-examination would have affected the decision to plead guilty is completely speculative. This is particularly true because the petition does not even hint at what her testimony or her behavior might have been under cross-examination. In view of the speculative nature of petitioner's claim so far as prejudice he may have suffered is

concerned, the language of the court in *People v. Thomas* (1972), 51 Ill.2d 39, 44, 280 N.E.2d 433, is particularly appropriate:

"In proving a violation of his constitutional rights the defendant must establish that he suffered a substantial prejudice from the manner in which his counsel conducted his defense. [Citations.] A claim of prejudice cannot be based on mere conjecture."

The defendant has neither alleged nor would he be able to show that the outcome of his encounter with the legal process would have been different had his counsel cross-examined the complaining witness.

Were this court to accept petitioner's argument, it would be establishing a standard for testing competency of counsel which could never be fairly, equally or practically administered. If the failure of counsel to ask any questions at a preliminary hearing established incompetency as a matter of law, courts would next be faced with the contention that although some questions were asked, not enough were asked or that the questions which were asked were not the right ones. It might even be argued that counsel was incompetent for asking improper questions or too many. Conceding any merit to petitioner's position would open the door to a series of attacks upon attorneys which would make the administration of justice in criminal cases an impossible morass. See also *People v. Fleming* (1971), 50 Ill.2d 141, 145, 277 N.E.2d 872; *People v. Stephens* (1955), 6 Ill.2d 257, 259, 128 N.E.2d 731.

■■ Before a post-conviction petitioner is entitled to an evidentiary hearing, he must make a substantial showing based on allegations of fact that his rights have been violated. The petition does not allege facts which establish lack of effective assistance of counsel. Thus, no constitutional question is presented. *People v. Hysell* (1971), 48 Ill.2d 522, 272 N.E.2d 38; *People v. Orndoff* (1968), 39 Ill.2d 96, 98, 233 N.E.2d 378; *People v. Ashley* (1966), 34 Ill.2d 402, 216 N.E.2d 126; *People v. Browry* (1972), 8 Ill.App.3d 599, 605, 290 N.E.2d 650.

■■ The circuit court acted properly in sustaining the motion to dismiss the petition without an evidentiary hearing. The order of dismissal is affirmed.

Affirmed.

BURKE, P. J., and EGAN, J., concur.