THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TOGO GRASTY, Defendant-Appellant.

(No. 73-171;

Second District (2nd Division)—July 30, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

James M. Carr, State's Attorney, of Sycamore (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

After a jury found defendant guilty of theft, he was sentenced to 36 months' probation. He appeals asserting that he was denied effective assistance of counsel and that he was not proven guilty beyond a reasonable doubt.

Defendant was employed as a handyman by Mr. and Mrs. Fowler, had access to their residence and was there alone at times. The Fowlers were in the habit of keeping sums of cash in their home, and kept the money hidden in a mitten in the bottom drawer of their bedroom dresser. The home was guarded by eight or nine Bovier des Flandres dogs, one of which slept on a mattress in front of the dresser. Other than the Fowlers, the defendant was the only person who was able to handle the dogs.

The money (approximately $17,000 predominantly in $10 and $20 bills) was last observed by Mr. Fowler in its hiding place on August 1, 1972. On the afternoon of August 16, 1972, he discovered the money missing.

Defendant, contacted at his residence, was brought to the Fowler home and the police were called. On arrival, an officer informed the defendant of his constitutional rights and asked defendant for permission to search his apartment. The defendant agreed to the search. The officer then read from a written consent-to-search form, explaining to the defendant, in the words of the form, that he had a constitutional right to refuse to allow his premises to be searched without a warrant. Asked if he understood, defendant replied in the affirmative and signed the form. Four officers drove defendant to his residence. They were admitted to the building by his landlady and proceeded to defendant's

second-floor apartment. Prior to entering the apartment, an officer again asked defendant if he knew what a consent to search was; he again replied affirmatively and indicated that they could search his premises.

The defendant opened the apartment door with his key and allowed the officers to enter. A shoe box containing cash was found on defendant's bed and a bag containing cash was discovered in his closet. The money was taken to the landlady's apartment where a count revealed $2460 in the box and $7000 in the bag, all in denominations of $10 and $20 bills.

When defendant was asked how he had acquired the money, he first said nothing, but when the officer repeated the question, he responded. "I took it from the Fowlers." He was taken into custody and charged with theft.

Defendant argues that his consent to search and his waiver of constitutional rights were not voluntarily and knowingly given, and . that the proceeds of the search and his admission were therefore inadmissible. Upon this premise, defendant then contends that his privately retained counsel's failure to make a pretrial motion to suppress the evidence amounts to denial of effective assistance of counsel.

Prior to allowing the fruits of the search or the defendant's admission to be presented to the jury for consideration, the defendant's counsel objected at trial on the grounds that the consent and waiver were not voluntarily and knowingly given. The trial court allowed the State, in the presence of the jury, to present evidence as to the voluntariness of both defendant's consent to search and his waiver of constitutional rights. The trial court gave defense counsel the opportunity to cross-examine the officer before a ruling was made on the admissibility of this evidence.

Defendant maintains, however, that his testimony and that of his landlady (elicited after the trial court's ruling above) clearly proves that he was so intoxicated that he was incapable of making a voluntary and knowing waiver of his constitutional rights. He argues that had such testimony been before the trial court prior to its ruling, the court would have held the money and defendant's statement inadmissible.

In a post-trial motion for a new trial, the defense counsel again challenged the admissibility of both the fruits of the search and defendant's admission. The motion was considered by the trial court after it had had the opportunity to hear the defendant's testimony and the testimony of his landlady, yet the court again held the fruits of the search and defendant's admission admissible. We must therefore presume that the court, having considered the testimony, found defendant's evidence on the point nonpersuasive.

There is sufficient evidence in the record upon which the trial court

could have reasonably concluded that the defendant voluntarily consented to the warrantless search of his premises, that the defendant was informed of his rights, and that he knowingly waived those rights. The officers testified that they informed defendant of his constitutional rights, that they informed him of what a consent to search was, that the defendant understood what they were saying, and that he was not intoxicated. Balanced against this evidence is the testimony of the defendant and his landlady to the effect that he was incapable of making a voluntary and knowing waiver of his constitutional rights.

■■■ Where evidence on the issue of a consent-to-search is in conflict, this court will accept the finding below unless it is clearly unreasonable. (*People v. DeMorrow*, 59 Ill.2d 352, 358 (1974).) In deciding that the defendant has been properly informed of his rights and that he knowingly waived those rights, the trial court "need not be convinced beyond a reasonable doubt, and its finding will not be disturbed unless it is against the manifest weight of the evidence." (*People v. Johnson*, 55 Ill. 2d 62, 70-71 (1973).) Here, defendant's evidence is not of such a convincing nature that it renders the decision of the trial court clearly and palpably erroneous.

■■ The defendant's principle contention, that he was denied effective assistance of counsel by the fact that his counsel allowed inadmissible evidence to be considered by the jury, must therefore fail. The contention is without foundation. We will not hold a trial counsel ineffective for failure to raise a pretrial motion that is shown in retrospect to be without sufficient supporting evidence. An attorney's competence is not to be appraised on the basis of his responses to matters involving the exercise of discretion or trial tactics. (*People v. Gill*, 54 Ill.2d 357, 363-64 (1973); *People v. Meeks*, 27 Ill.App.3d 144, 146-47 (1975).) The decision of a lawyer to refrain from making a motion or interposing an objection does not establish denial of effective assistance of counsel. *People v. Goerger*, 52 Ill.2d 403, 409 (1972); *People v. Robinson*, 21 Ill. 2d 30, 36-37 (1960).

■■ The defendant's contention that he was not proven guilty beyond a reasonable doubt is based upon his own testimony at trial wherein he claimed that he did not take the money but received it from other sources. The record, however, also contains defendant's admission that the money found in his room was taken from the Fowlers. The cash found in his room was of the same denominations as the money stolen; defendant had access to the Fowler house and was there alone at times. Where the evidence is in conflict, the jury is in the superior position to judge the credibility of the witnesses. We will not reverse the jury's finding unless the evidence is so unreasonable, improbable or unsatisfactory

as to prompt a reasonable doubt of the defendant's guilt. (*People v. Hood*, 59 Ill.2d 315, 327 (1974).) The facts herein warranted the jury's finding.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.