THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH ATNIP, Defendant-Appellant.

Third District   No. 79-286

Opinion filed April 2, 1980.

James N. DeWulf, of Moline, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Following a bench trial in the Circuit Court of Rock Island County, the defendant, Joseph Atnip, was convicted of aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)). The defendant was subsequently sentenced to two years probation, the first 20 days of which was

to be served in the county jail, and periodic imprisonment for the succeeding nine months. He was also ordered to make restitution in the amount of $3,000. On appeal, only two issues are raised for our consideration: First, was the defendant's trial counsel so ineffective that a new trial is mandated; second, was the sentence the defendant received excessive.

Our resolution of these two issues does not require a detailed recitation of the facts in this case. Briefly, the record reveals that on May 15, 1978, the defendant and his co-defendant, Guy Armstrong, were at a tavern in Milan, Illinois, when the defendant initiated a fistfight with Kenneth Nelson. During the course of the fisticuffs Armstrong struck Nelson in the head with a beer bottle. Nelson was also struck in the head with the large end of a pool cue. Although Nelson did not see who struck him with the cue, two of the State's witnesses at defendant's trial testified that it was the defendant. Atnip, however, denied hitting Nelson with the cue, and instead placed the blame on Armstrong. The defendant was the only witness to testify on his behalf. Armstrong was not called upon to testify by either the State or the defendant.

Following his conviction, the defendant, by his attorney, James DeWulf, moved for a new trial. Attached to the defendant's motion was an affidavit of Thomas Kelly, the attorney who represented the defendant at trial. In his affidavit Kelly stated that he had been told by Armstrong on the day after Atnip's arrest that he (Armstrong) was the one who struck Nelson with the pool cue, and consequently would exonerate the defendant. Kelly received further assurances in this regard from Armstrong's attorney and individuals at the Linwood Therapeutic Drug Rehabilitation Center who had conversations with Armstrong. Kelly's affidavit then went on to state:

> "That during the course of the trial I assumed that Guy Armstrong would testify, even though he had changed counsel and that I put Joseph Atnip on the stand, had him testify on his own behalf, because of the representations made to me and the fact that Joseph Atnip had assured me that he was not the one who had struck Mr. Nelson over the head with the pool cue. I was so taken by surprise that Guy Armstrong did not testify to clear Joseph Atnip of the charge that I was confused and did not know exactly what to do.
>
> That if I had known that Guy Armstrong was going to refuse to testify I would have gathered the witnesses together to testify as to out-of-court statements made by Guy Armstrong relative to the charges against Joseph Atnip."

Accompanying Kelly's affidavit were affidavits of Atnip, Betty Agy, and Randy Bennett in which they stated that Armstrong had told them on a

number of occasions that he struck Nelson with a pool cue and would testify at trial for Atnip. The motion for a new trial was subsequently denied.

■■ The defendant uses the information contained in Kelly's affidavit as the basis for his contention that Kelly's representation of him was incompetent and ineffective. It goes without saying that a criminal defendant is constitutionally entitled to be represented by counsel and entitled to the effective assistance of counsel. (*Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792). In determining whether the assistance provided by an attorney in a criminal case has been effective, the standard to be applied depends upon whether the counsel was appointed or privately retained. In regard to appointed counsel, ineffective assistance of counsel is actual incompetence "as reflected by the manner of carrying out his duties as a trial attorney which results in substantial prejudice without which the outcome would probably have been different." (*People v. Goerger* (1972), 52 Ill. 2d 403, 409, 288 N.E.2d 416, 419, quoted in *People v. Hills* (1979), 71 Ill. App. 3d 461, 467, 389 N.E.2d 873, 877, *aff'd and remanded* (1980), 78 Ill. 2d 500. Accord, *People v. Gustafson* (1979), 75 Ill. App. 3d 497, 393 N.E.2d 1315; *People v. Howard* (1979), 74 Ill. App. 3d 138, 392 N.E.2d 775.) In the case of privately retained counsel, "the court will not reverse a conviction because of the incompetency of counsel unless the representation is such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or sham." (*People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677, 685, quoting *People v. Torres* (1973), 54 Ill. 2d 384, 391, 297 N.E.2d 142, 146.) Although there has been a movement to discard this double standard among the Illinois judiciary (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677 (Clark, J., specially concurring); *People v. Hills* (1979), 71 Ill. App. 3d 461, 389 N.E.2d 873 (Stouder, J., dissenting)), and instead utilize the standard applied to all counsel pronounced in *People ex rel. Williams v. Twomey* (7th Cir. 1975), 510 F.2d 634 (does the representation afforded meet a "minimum standard of professional representation"?), the double standard of *Murphy/Torres* and *Goerger* is still the law in this State. Because attorney Kelly was privately retained, the question we must ask ourselves, then, is whether his representation of Atnip was so ineffective as to amount to no representation at all, or was so meager as to reduce the trial to a farce or sham.

■■ Competency of counsel must be examined in light of the totality of counsel's conduct at trial (*Murphy*; *People v. Steel* (1972), 52 Ill. 2d 442, 288 N.E.2d 355). The defendant argues that Kelly's failure to prepare and have available witnesses who would testify in regard to Armstrong's

admissions in the event Armstrong did not testify is indicative of ineffective assistance of counsel. Obviously, the failure of Armstrong to testify and exculpate the defendant was damaging to Atnip, and we can easily find fault with Kelly's trial strategy which included no "contingency" provision for the calling of witnesses whose testimony regarding Armstrong's admission would exonerate the defendant. However, trial counsel's error in judgment or trial strategy alone are insufficient to constitute incompetency or ineffective assistance of counsel. (*Murphy*; *Torres*; *People v. Howard* (1979), 74 Ill. App. 3d 138, 392 N.E.2d 775; *People v. Griswold* (1977), 54 Ill. App. 3d 246, 369 N.E.2d 392.) "A defendant is entitled to competent, not perfect or successful, representation." (*Murphy*, 72 Ill. 2d 421, 438, 381 N.E.2d 677, 685.) Focusing on Kelly's overall representation of the defendant during his trial, we believe that it was not of so low a caliber as to amount to no representation at all. Kelly cross examined each of the State's witnesses in some detail to ferret out inconsistencies in their testimony regarding the fight, and point out those inconsistencies in his closing argument. It is true that Kelly did not object during the trial, did not file a motion to sever, and did not file any post-trial motions, but the case law suggests that these omissions on Kelly's part are inconsequential. "The mere failure to make an objection is a matter of judgment and does not establish incompetency." (*Hills*, 71 Ill. App. 3d 461, 467, 389 N.E.2d 873, 877.) A severance in this case was not necessary to insure that Atnip received a fair trial (see *People v. Colon* (1979), 69 Ill. App. 3d 1021, 387 N.E.2d 956), and in a bench trial no post-trial motion need be filed to preserve errors on appeal (*People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239), provided that the defendant alleges error was committed during the trial. That is not the case here. On the basis of the foregoing discussion, we reject the defendant's first contention that his representation was incompetent or ineffective.

The second issue raised by the defendant concerns the alleged excessiveness and inconsistency of his sentence, particularly in view of the sentence received by his co-defendant Armstrong. Armstrong received two years probation, with periodic imprisonment until September 28, 1980, to follow 30 days incarceration. He also was ordered to continue treatment at a drug rehabilitation center, to seek and maintain regular employment, and to pay restitution in the amount of $1,000. As we have stated, defendant Atnip also received two years' probation. However, his periodic imprisonment was for nine months following 20 days' incarceration in the county jail. In addition, he was ordered to pay $3,000 restitution.

The Criminal Code provides that in appeals from sentences

entered on felony convictions there is a rebuttable presumption that the sentence imposed by the trial judge is proper. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1.) In order for this court to reduce defendant's sentence, he must make an affirmative showing that his sentence is erroneous. (*People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.) No such showing has been made. The slight differences in the sentences received by the defendant and Armstrong certainly do not amount to a fatal disparity. "The law does not necessarily contemplate that the same penalty will be inflicted upon all persons who are guilty of the same offense; and different sentences for persons who are guilty of the same offense may not constitute disparate treatment of offenders." (*People v. Loyd* (1970), 125 Ill. App. 2d 196, 200, 260 N.E.2d 63, 65.) Disparity in sentencing results when apparently equally culpable defendants, with like backgrounds and prospects for rehabilitation, are given substantially different sentences for the same offense. (*People v. House* (1975), 26 Ill. App. 3d 330, 325 N.E.2d 69.) The sentences received by the two defendants in this case are not substantially different. Indeed, the only aspect in which the defendant's sentence was greater than that given to Armstrong is in that of restitution to the victim. Considering that it is uncontradicted that the defendant instigated the fight and probably caused the most injury to Nelson (who was hospitalized for over a month and incurred medical bills in excess of $8,000), and that Atnip, being employed, had the financial ability to make a greater amount of restitution to the victim, the $3,000 restitution was neither unwarranted nor excessive. We find no error in the sentence given to the defendant.

The judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.