THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NEAL WALLACE *et al.*, Defendants-Appellants.

First District (4th Division)    Nos. 80-3142, 80-3143 cons.

Opinion filed May 13, 1982.

JIGANTI, J., dissenting.

Law Offices of Chester L. Blair, Chartered, of Chicago (Chester L. Blair, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Dean P. Karlos, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a joint bench trial in the circuit court of Cook County, defendants, Neal Wallace and Claude Ellis, were found guilty of the misdemeanor of tampering with a vehicle (Ill. Rev. Stat. 1979, ch. 95½, par. 4—102). Each was sentenced to 364 days in the Cook County Department of Corrections.

Defendants appeal their convictions. The principal issues raised by defendants are (1) that the trial court erred in finding there was probable cause for the police to stop and search the defendants; (2) that the unverified complaints charging the defendants did not state an offense; (3) that the evidence was insufficient to prove defendants guilty beyond a reasonable doubt; (4) that the trial court erred in denying the defendants a new trial where they were compelled to go to trial with an attorney who was not adequately prepared to protect their rights and who waived a jury on their behalf without informing them of the consequences of such a waiver.

We reverse and remand for a new trial.

Defendants were sitting on the steps of a building on October 2, 1980, when they were detained by a Chicago police officer. The complaining witness identified them to the officer as the two men he had seen earlier apparently touching and inspecting his automobile. Defendants were arrested and charged with the misdemeanor offense of tampering with a vehicle.

The formal complaints signed by the complaining witness were not verified. The complaints also contained an error in the statutory designation of the charge, and failed to identify the owner of the vehicle. During

the trial and over defense objections, the trial court allowed the State to correct the statutory designation of the charge, verify the complaints, and identify the complaining witness as the owner of the automobile.

The record discloses that eight days after their arrest, defendants, without counsel, appeared in court for a hearing on the charges. The trial court told them the matter was being "passed for trial." An assistant State's Attorney advised defendants to retain counsel, and told them a bar association lawyer was in court and was available to represent them. Shortly thereafter, an attorney introduced himself to defendants as the bar association counsel. Defendants agreed to his representing them and signed a cash bond refund form allowing the attorney to receive the bond proceeds in payment for his services. The attorney briefly interviewed defendants. The cases were then called for trial. The attorney filed his appearance on behalf of defendants, told the judge he was ready for trial, and on behalf of defendants entered a plea of not guilty and waived a jury trial. The trial court did not ask defendants whether they understood the significance of the jury waiver.

Initially, defense counsel moved to quash the arrest for lack of probable cause to stop and search the defendants. Officer Hunt was called by defendants to testify in support of their motion, and asserted that she had responded to a report of a "theft in progress." She testified that after she arrived at the scene the complainant pointed to the defendants as the two men he had seen near his automobile who appeared to be examining it. Defendants contend that when approached by the police they were not involved in any conduct upon which probable cause for their arrest and search could be based.

■■ It is true, as defendants claim, that the trial court somewhat prematurely terminated the examination of the police officer, declared that probable cause existed, denied the motion to quash the arrest, and directed that the trial proceed. Nevertheless, there was sufficient testimony in connection with the presentation of the motion to support the trial court's ruling. The nature of the complaint to the police, the identification of the defendants by the complaining witness, and the totality of the circumstances were adequate to allow the trial court to find probable cause as it did. See *People v. Willingham* (1982), 89 Ill. 2d 352.

At trial the complaining witness testified that his neighbor had called him at 5:20 a.m. on October 2, 1980, and told him two men were tampering with complainant's car. The complainant looked out his window and saw the larger of two men on the left side of his car motioning with his arms, and the smaller man looking inside the car with a flashlight. He immediately called the police and then went out to the street, where he saw what he believed to be the same two men walk to some nearby steps and sit down. He pointed them out to one of the police

officers who had arrived on the scene, identifying defendant Wallace as the smaller man and defendant Ellis as the larger man. Complainant further testified that he examined his car and saw that the rubber on the window of his car was torn.

It was stipulated that the testimony given by Officer Hunt on the defendants' motion to quash their arrest would apply to the trial. She had asserted that she too observed the tear of the rubber on the complainant's car window, and also that she observed that a door lock was bent.

The prosecution evidence further disclosed that when the police arrived at the scene pursuant to complainant's alarm, the defendants were seated on the steps of a building near complainant's automobile. When the complaining witness identified the defendants to the officer as the two men he had seen earlier apparently touching and inspecting his car, the defendants were detained and searched. The police found a screwdriver in the pocket of defendant Wallace. On searching the nearby area, the police also found another screwdriver and a flashlight in the bushes near the steps where the defendants had been sitting when approached by the police.

Defendant Wallace testified that defendant Ellis had asked Wallace to accompany him to Ellis's place of employment where Wallace could get work that day. He agreed to do so. On the way, they walked to the building at which they were arrested. They had gone into the building and had purchased some "reefer" to take with them. As they were leaving the building to continue their walk, the police approached them. Defendants immediately threw away the "reefer." Wallace denied that he or Ellis was involved in any way with the complainant's automobile.

At the conclusion of the trial the defendants were found guilty and each was sentenced to 364 days in jail. Shortly after conviction but before the presentation of post-trial motions, trial counsel for defendants was granted leave to formally withdraw, and he did so withdraw. New counsel filed a timely motion for a new trial. The motion was denied and this appeal followed.

It is defendants' position that the complaints, which were filed in unverified form with an incorrect statutory designation and without describing the complainant as the owner of the automobile, were legally inadequate and failed to set forth an offense. It is within the discretion of the trial court to allow such amendments of a complaint as the trial court deems legally appropriate. The fundamental requirement is to afford the defendant sufficient knowledge and understanding of the charge against which he must defend to allow him to prepare his defense, and to allow him to raise a judgment of acquittal as a plea in bar should there be a later prosecution for the same offense. See *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590.

■■ We do not find that the amendment allowed by the trial court prejudiced defendants in any manner. It is clear that the basic charge against the defendants had not been altered in any significant way so as to impair their defense. No abuse of the trial court's discretion in allowing the amendment has been established. Accordingly, we find no merit in defendants' contention that the trial court erred in allowing the amendment.

Defendants also assert that the evidence presented at trial failed to establish defendants' guilt beyond a reasonable doubt. We disagree. "[T]he prosecution has the burden of proving beyond a reasonable doubt all the material and essential facts constituting the crime." (*People v. Weinstein* (1966), 35 Ill. 2d 467, 470, 220 N.E.2d 432, 434.) However, the requirement is that the proof must be beyond a *reasonable* doubt; it need not be beyond *any possibility* of doubt. *People v. Williams* (1977), 66 Ill. 2d 478, 363 N.E.2d 801; *People v. Branion* (1970), 47 Ill. 2d 70, 265 N.E.2d 1.

The complaining witness testified that his car window rubber was damaged. He identified defendants as the men he had seen examining and apparently tampering with his car. One of the police officers called to the scene also testified to the damage to the car, and further testified that defendant Wallace had been found with a screwdriver in his pocket and that near the scene of the arrest another screwdriver and a flashlight had been found. In the absence of evidence to rebut or impeach such testimony, it was reasonable for the trial court to find defendants guilty beyond a reasonable doubt of tampering with a vehicle.

Defendants further claim that the trial court erred in not granting them a new trial because they were denied effective assistance of counsel. They contend their attorney was not prepared adequately to represent them properly, protect their rights, and establish their defense. We agree.

Whether defendants received effective assistance of counsel must be determined by examining the totality of the circumstances surrounding the trial. (*People v. Atnip* (1980), 82 Ill. App. 3d 758, 403 N.E.2d 95.) While the record fails to show the exact amount of time spent by trial counsel in preparation for trial, it is apparent from the record that, at best, the time devoted to preparation was minimal. It was on the very morning of trial that trial counsel met defendants for the first time. It appears that a short consultation with counsel was held. Time also was taken to negotiate the payment of attorney fees.

There is no indication in the record that any of the State's witnesses were interviewed by defendants' trial counsel. There is no indication in the record that any discovery was taken on behalf of defendants. It is clear that the complainant's neighbor who allegedly alerted the complain-

ant was neither interviewed by counsel for defendant, nor was he called to testify by the State. It is equally apparent that by proceeding with immediate trial counsel had no time to subpoena available police arrest records or even to examine the court file adequately.

■■ The right to counsel is an empty one unless the attorney has a reasonable opportunity to prepare for trial. (*People v. Price* (1960), 24 Ill. App. 2d 364, 164 N.E.2d 528.) Without adequate time to prepare for trial, a defendant is deprived of the effective assistance of counsel and denied due process. *White v. Ragen* (1945), 324 U.S. 760, 89 L. Ed. 1348, 65 S. Ct. 978; *Powell v. Alabama* (1932), 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55; *People v. Dixon* (1975), 26 Ill. App. 3d 487, 325 N.E.2d 673.

■■ Considering all of the circumstances, including the time factors involved, the method of retention of counsel and preparation for trial, and the trial itself, we necessarily conclude that trial counsel's representation of defendants in this case was so ineffective that it could well have changed the outcome of the trial. (*People v. Talley* (1981), 97 Ill. App. 3d 439, 422 N.E.2d 1084; *People v. Scott* (1981), 94 Ill. App. 3d 159, 418 N.E.2d 805.) Given sufficient time to prepare, defense counsel might have discovered that defenses existed which the testimony of one or more of the witnesses not interviewed or called could have established. The testimony of one of these witnesses might have created a reasonable doubt of defendants' guilt.

All of the foregoing is not to say that in all cases where retention of counsel and trial is conducted within the time that elapsed here there is necessarily ineffective assistance of counsel. The accumulation of the particular factors in this case does, however, require that conclusion; accordingly, defendants should have been granted a new trial.

Because a remand of this case for the reasons discussed above is dispositive of this appeal, defendants' remaining contentions for reversal need not be addressed. We believe that the errors claimed, if they occurred as charged, will not occur in a new trial. However, we do note that defendants raised the issue of whether their waiver of a jury trial was understandingly made. Upon retrial we know the trial court will recognize its duty to make certain that if a jury waiver is made by defendants, it is done with the understanding that they have a basic right to a trial by jury which they are voluntarily relinquishing. *People v. Brownlow* (1969), 114 Ill. App. 2d 458, 252 N.E.2d 685.

For the reasons set forth, we reverse and remand the case for a new trial.

Reversed and remanded.

JOHNSON, P. J., concurs.

JUSTICE JIGANTI, dissenting:

There is some question in Illinois as to the appropriate standard to be applied when assessing the adequacy of appointed counsel. Recently in *People v. Talley* (1981), 97 Ill. App. 3d 439, 422 N.E.2d 1084, this court adopted a standard higher than that which had been previously used. The *Talley* court said that a defendant's representation is not constitutionally deficient unless counsel was actually incompetent, the incompetence produced substantial prejudice to the defendant, and the result would probably have been different absent the incompetence.

In finding that the representation of the defendants in this case was incompetent the court engages in a great deal of speculation. It says that there is no indication in the record that the State's witnesses were interviewed or that discovery was taken on behalf of the defendants. Further, the court states that the complainant's neighbor was not interviewed and that counsel could not have examined the court file adequately because the arrest records were not subpoenaed. These charges of trial counsel's incompetence arose by way of the defendants' post-trial motion. The motion was not supported by affidavits and there was no request by counsel to present witnesses. The motion does not suggest how interviewing the State's witnesses, if they would have consented to an interview, would have changed the result. Those witnesses were not interviewed in the interim between the trial and the post-trial motion. Counsel effectively examined the witnesses during the course of the trial. There is no showing of what discovery the defendants would have engaged in. The defendants were charged with an offense for which they could not have been sent to the penitentiary. Supreme Court Rule 411 (Ill. Rev. Stat. 1979, ch. 110A, par. 411) provides that the discovery rules apply only in those cases where the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary. Discovery would be quite limited. (See *People v. Williams* (1981), 87 Ill. 2d 161, 429 N.E.2d 487.) In the interim between the trial and the post-trial motion the complainant's neighbor surely could have been interviewed to determine what if anything he would have said that would have been favorable to the defendant. In the interim counsel could have produced police arrest records and examined the file and demonstrated how, if these things had been done, the result would have been different. To state now that these matters might have affected the result is insufficient in my estimation to prove that counsel was inadequate and that but for this inadequacy the result probably would have been different.

The majority opinion states that the right to counsel is an empty one unless an attorney has a reasonable opportunity to prepare for trial and that without this opportunity he has been deprived of effective assistance of counsel. The court did not deny the defendants a reasonable oppor-

tunity to prepare for trial. The defendants retained counsel and he appeared and answered ready for trial. The court did not force the defendants to trial.

The majority opinion says that it must necessarily conclude that the representation was so ineffective that it could have well changed the outcome. In my view the representation was in fact quite competent. The defendants particularly have not shown that but for these items the result would probably have been different.